WALDROP *v.* VEAL *et al.*

1. A husband making an exchange of lands with another person, having, in receiving the land for which his own was exchanged, gratuitously caused the conveyance to be made to his wife jointly with himself, and at the same time, in order to raise money to remove an incumbrance from the land which he gave in exchange and to pay the agreed difference between the two tracts, having borrowed money upon a joint note executed by himself and wife and upon an absolute deed made by them, conveying a portion of the land received to the lender to secure the loan, the lender giving a bond to reconvey to the husband alone, the facts did not make a case of suretyship by the wife for the husband, but one of borrowing for the mutual benefit of both.

2. The note given for the borrowed money having, by consent of parties, been surrendered to the makers and the bond for titles having also been surrendered to the lender, on an understanding that the loan was cancelled and that the deed made as security might stand as a conveyance for ownership, the wife could not afterwards assert any title to the premises covered by this deed or recover any part of the same.

3. There was no error in overruling the motion for a new trial.

May 16, 1892.                                        *Judgment affirmed.*

Husband and wife. Principal and surety. Contract. Title. Before Judge BOYNTON. Newton superior court. September term, 1891.

Mrs. Waldrop brought complaint against Augustus Veal for the recovery of an undivided half-interest in fifty acres of land in Newton county. W. S. Veal was made a party defendant. The jury found for the defendants; the plaintiff's motion for new trial was overruled, and she excepted. The motion contained the general grounds that the verdict was contrary to law, evidence, etc., and further alleged that the court erred in admitting in evidence for defendant a deed made by Milton Waldrop and plaintiff to W. S. Veal, over objection of plaintiff; said deed not having been executed by plaintiff as required by law, as to her the same was a nullity. It is not stated in this ground of the motion what objection was made to this deed when it was offered in evidence. The deed itself is not set forth in the brief of evidence, but it is stated therein that defendant put in evidence a deed from Milton Waldrop and plaintiff to W. S. Veal to the land in dispute, dated October 14, 1882, consideration $317.50. It further appeared in evidence that of the same date with this deed there was a deed from J. H. Dabney and others to Milton Waldrop and plaintiff, covering the land in dispute, embracing one hundred and eighty-two and one tenth acres, for consideration of $1,650. This deed was put in evidence and relied upon by plaintiff. It further appeared that the land covered by the last mentioned deed was swapped by J. H. Dabney to Milton Waldrop and plaintiff for lands in Rockdale county, and that the Waldrops gave him their note for $150 as a difference in the price of the lands, which note was not paid until a year or so thereafter. Milton Waldrop and plaintiff went into possession of the land after the exchange. For defendants there was testimony that W. S. Veal

loaned the Waldrops, on the day they made him the deed, $300 which they said they wanted to pay as purchase money upon lands they had bought of Dabney in Newton county; that a short time before, they said they could not redeem the land, when W. S. took it absolutely and surrendered to them the note given therefor, they giving back to him the bond that he had given them for reconveyance (which bond was put in evidence, and was a bond by W. S. Veal to Milton Waldrop to convey to Milton the land, upon payment by Milton of his notes for $317.50); that Mr. and Mrs. Waldrop divided the money between them and then went to Dabney's office; that in another case Mrs. Waldrop testified that the money got from Veal went to pay purchase money on the Dabney land. For plaintiff there was testimony that she did not get any of the money that Veal said he let her and Milton Waldrop have; that Milton Waldrop got the money, as she understood, to take up or remove an incumbrance that some one held upon lands of Milton in Rockdale; that Dabney refused, so she heard, to exchange for the lands in Rockdale unless the incumbrance was removed, and Milton got the money for that purpose, and she had no interest in the matter; if she did sign the note she did so as security for her husband; that the lands her husband transferred for the Newton county lands belonged to him, but he had used her money in and about said lands; that in the exchanging of lands there was a difference of $150 in favor of Dabney, which was paid about a year after by her; and that some of the money got of Veal was used for the purpose of paying on the lands.

The motion further alleges that the court erred, after suffering the deed to Veal to go in evidence, in not charging the jury that said deed was void and a nullity in so far as Mrs. Waldrop's interest in the land was concerned, for the reasons above mentioned, plaintiff's

counsel having asked him to so instruct the jury. Also, error in suffering W. S. Veal to testify, because Milton Waldrop being dead Veal was an incompetent witness. It is not stated in the motion that plaintiff objected to the court allowing Veal to testify.

J. N. Glenn, for plaintiff.

G. W. Gleaton, for defendants.