### THOMASON *v.* PICKETT.

ATKINSON, J.  The petition originally sought specific performance of an alleged contract for the exchange of land and personal property, exceeding $50 in value.  It was twice amended in substance and prayer.  Partial performance was alleged, by exchange of deeds, conveying land by each to the other, and delivery of possession of personal property by plaintiff to defendant.  The land conveyed by defendant was, by direction of plaintiff, conveyed to a third person (who was not a party to the suit) as security for a debt.  It was not alleged that plaintiff redeemed the land or obtained a deed thereto.  Fraud was alleged in general terms against the defendant.  In the amendments allegations were made to the effect that it was not in the power of defendant to perform, and thereupon prayers were made as follows: (*a*) for rescission of the first contract; (*b*) that title to the property, real and personal, surrendered to defendant be decreed to be in plaintiff; (*c*) that plaintiff have judgment against defendant "for the value of any such personal property which is not now in the possession of defendant," and "for the damages already accrued to plaintiff on account of the frauds of the defendant and his failure to carry out his contract." After praying for the relief indicated, it was finally alleged that "plaintiff hereby offers to reconvey to defendant the Charles land, which is all that plaintiff has received from defendant." *Held:*

1. The allegations were not sufficient to show that plaintiff was in a position to restore the defendant's property, and to entitle him to demand rescission.

2. In the absence of a right to rescind, there was no right to recover the property held by defendant under the alleged contract.

3. The allegations relating to damages on account of fraud and breach of the contract are not of such character as to show a right of recovery on either account.

4. There was no error in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 22, 1910.

Equitable petition.  Before Judge Gober.  Cherokee superior court.  October 5, 1908.

*J. G. Roberts, Colquitt & Conyers,* and *George I. Teasley,* for plaintiff.  *P. P. DuPre* and *J. Z Foster,* for defendant.