### 6166, 6167. REYNOLDS *v.* STARKS (two cases).

BROYLES, J. 1. While a wife can not legally become surety for her husband's debt, yet where she and he jointly sign a promissory note for clothing, hats, etc., for herself and their children, he and she become joint debtors. There is no element of suretyship on the part of one for the other. The wife, in such a case, does not undertake to pay the debt of her husband; her undertaking is to pay her own debt, one which she has made her own by sharing in the consideration and by uniting in the joint contract to pay the whole sum. *Schofield* v. *Jones,* 85 *Ga.* 816, 824 (11 S. E. 1032); *Waldrop* v. *Veal,* 89 *Ga.* 306 (15 S. E. 310). See also *Connerat* v. *Goldsmith,* 6 *Ga.* 14.

2. Where the parol evidence introduced was conflicting as to whether the debt was the husband's or the wife's, the determination of that question by the jury will not be interfered with.

3. The judge of the superior court did not err in dismissing the petition for certiorari.            *Judgment affirmed.*

DECIDED JULY 29, 1915.

Certiorari; from Chattooga superior court—Judge Wright. September 18, 1914.

Two suits were brought in a justice's court against J. W. Reynolds and his wife, Mary F. Reynolds, on promissory notes signed by them jointly and payable to Mary E. Starks. Mrs. Reynolds pleaded that the notes were void as to herself, because given for a debt of her husband and not of herself. On appeal, the jury in the justice's court in each case rendered a verdict adverse to her. The evidence in each case, in addition to the note sued on, as set out in the answer to the petition for certiorari, was as follows: "Mrs. Mary E. Starks swore on her behalf that the note was given for merchandise; that she would not sell to J. W. Reynolds, and that the credit was given Mrs. Mary F. Reynolds at the time the goods were bought, and so charged on the books to them; that she refused to sell to Mr. J. W. Reynolds, and he afterwards brought his wife to the store and the goods were bought on her credit; that Mr. Reynolds got most of the goods from the store thereafter; his wife obtained in person a very few articles. Will Starks, being sworn for plaintiff, said: The note was given for goods bought by Mary F. Reynolds and J. W. Reynolds; the goods were for the family and were charged to J. W. and Mary F. Reynolds. Mary F. Reynolds swore for defendant as follows: The note sued on in this case was made for an account which my husband, the defendant J. W. Reynolds, made at the store of the plaintiff. The debt was his debt and not mine. The account at the store was for things used by my husband's family. J. W. Reynolds testified for defendant: This note sued on in this case was made for my debt, for my account at Starks's store. Mrs. Reynolds, the defendant, is my wife, and was my wife at the time the account was made and when the note was signed. The account was against me and was for family supplies."

*C. D. Rivers,* for plaintiff in error.

*J. M. Bellah,* contra.