### 13003.   BURGESS *v.* MURPHEY *et al.*

1. Husband and wife bought real estate jointly, and a bond for title was made to them jointly. The wife, from her separate estate, made a cash payment of a part of the purchase-price, and she and her husband jointly borrowed the money to pay the balance due, and, in pursuance of an arrangement with her, the vendor made a deed conveying the land to the husband in order that the husband might convey it to the lender as security for the loan, the husband concurrently making a deed to the wife to protect her interest in the property. Both husband and wife went into possession of the real estate, occupying it as their home. *Held*, the facts do not show any use by the wife of her separate estate to pay her husband's debt, nor do they show any element of suretyship by the wife for her husband, but the evidence shows a joint contract of both husband and wife for their mutual benefit.

2. There was no error in awarding a nonsuit in the suit of the wife to rescind the contract jointly made with her husband for the purchase of the real estate, and to have the vendor pay back to her the money which she had paid on the property.

DECIDED APRIL 26, 1922.

Complaint; from Gordon superior court — Judge Tarver. August 25, 1921.

*Lang & Lang,* for plaintiff.

*A. L. Henson,* for defendant.

HILL, J. The plaintiff's petition alleged substantially that she purchased certain described real property from the defendant and paid him $2,000 of the purchase-price, and for the remainder of the purchase money executed notes jointly with her husband (whom she made a defendant) ; that the defendant vendor conveyed this real property to her husband alone, and she thereupon decided to rescind her contract of purchase, and served the vendor with written notice of her intention to rescind, and made a demand

upon him for the $2,000 which she had paid as a part of the purchase-price. The petition contained two counts, the first of which alleged that the plaintiff was a married woman and that this money went to pay a debt of her husband, and that the vendor knew that fact when it was paid. She further alleged in this count that the vendor's execution of a deed to her husband made it impossible for the vendor to comply with his contract with her, and for this reason she had a right to rescind. The second count alleged substantially that the plaintiff was simply a surety in the purchase for her husband. There was no evidence in support of the second count, and, at the conclusion of the evidence relating to the allegations contained in the first count, the court, on motion, awarded a nonsuit, and this judgment is here for review.

We think the nonsuit was properly awarded, under the evidence of the plaintiff herself. She testified repeatedly that she and her husband bought the property together, and the evidence shows that the deed was made to her husband and herself jointly. True, the evidence shows also that the defendant did subsequently make a deed to her husband, but this, according to her own testimony and that of her husband, was in compliance with their request that the title to the property be placed in her husband in order that a loan on it might be obtained with the property as security, for the joint benefit of herself and her husband, and that the lender of the money would not lend to both of them, but only to one, and it was agreed between them that this deed should be made to her husband for the purposes indicated above. It was also in evidence that, in compliance with the agreement, her husband made a deed to her so far as his interst was concerned, to protect her from any possible loss in connection with the loan which had been made. As illustrating the contention that the purchase was a joint one by the wife and the husband, a few extracts may be given from her testimony on the subject: "I signed a note, and Mr. Burgess [her husband] signed the note [referring to the purchase-money note]. I and my husband signed it. That bond [for title] was made to me and Mr. Burgess [her husband]; *we were buying the land jointly.* I contributed the entire amount [of the cash payment]. Arrangements were made to pay the balance of the note [by borrowing it]. We [her husband and herself] was to borrow [it]. I engaged you [referring to the attorney who represented them in

the transaction] to secure the loan [the loan on the real estate for the balance of the purchase money] for me and Mr. Burgess. You stated to me that the concern would not make a joint loan, and that one or the other would have to make the application, and that, when the loan went through, the one in whose name the loan came through would have to execute a deed." She agreed to the securing of the loan by the making of the deed to her husband, on condition that he would make a deed to her and protect her, which was done. After the purchase of the land the testimony is that the plaintiff and her husband went into possession of the same, where they have remained ever since, and that they have not surrendered possession or offered to surrender possession, the testimony of the wife on this subject being as follows: " I am in possession of the land. I went in possession of the land as soon as the arrangements which you have described and which I have described were completed [this being the arrangement of the loan in connection with the purchase of the land], and have been there ever since; I have never surrendered possession or offered to surrender possession." The evidence in this record is clear that the purchase of the land in question was made by both the husband and the wife, and the contract therefore was a joint contract made by them. In so far as is shown, the wife made use of her separate estate to buy this land for the benefit of herself and her husband; she testified unequivocally to that effect. It was a joint obligation of herself and her husband, and the consideration for the land moved to them jointly. Being a feme sole she had a right to use her property and her separate estate for her husband's benefit jointly with herself, or separately, provided she did not pay his debt or become security for him. The evidence shows no element of suretyship by the wife, and it does show conclusively that the contract for the land was the joint obligation of the husband and the wife for the benefit of both, and that in fact they are joint debtors for the land. *Schofield* v. *Jones,* 85 *Ga.* 816 (11 S. E. 1032) ; *Nelms* v. *Keller,* 103 *Ga.* 745 (30 S. E. 572) ; *Waldrop* v. *Veal,* 89 *Ga.* 306 (15 S. E. 310).

The contention of the plaintiff that the defendant could not comply with his bond for title made to her is not supported by any facts. There is no allegation or proof that the defendant was insolvent and unable to comply or respond in damages for the

failure to comply, nor was there any evidence that the plaintiff had ever made any demand on him for a compliance, or that she had ever put herself in a position which entitled her to a compliance. She had never paid or tendered in payment the balance due on the purchase-money for the land. Certainly in this case she could not rescind this contract for the purchase-money and have returned to her the money which had been paid, without a breach of the bond for title by the maker. Nor could she rescind without offering to return the land. Yet she testifies that she is still in possession of it, receiving the benefits and profits therefrom. The statement of the great Chief Justice of the Supreme Court of this State, that " restitution before absolution is sound in law as in theology " (Bleckley, J., in *Summerall* v. *Graham*, 62 *Ga.* 731), seems to be applicable to this case. This principle is applicable to a married woman dealing with her separate estate, as well as to men. Restitution always must precede or accompany the rescission of any contract. *Williams Manufacturing Co.* v. *Warner Sugar Refining Co.*, 125 *Ga.* 408 (54 S. E. 95) ; *Thomason* v. *Pickett*, 134 *Ga.* 107 (67 S. E. 433) ; *Miller* v. *Roberts*, 9 *Ga. App.* 511 (71 S. E. 927). The evidence in the case clearly showing that the transaction was one made by the wife for the joint benefit of herself and her husband, and there being no allegation or evidence of any offer inducing her to enter into it, but it appearing that she acted freely and voluntarily, and that she entered into possession of the property and is still enjoying its fruits, the court very properly granted a nonsuit.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*