34684. EZZARD *v.* FOWLER *et al.*

DECIDED NOVEMBER 7, 1953.

*Mitchell & Mitchell,* for plaintiff in error.

*John L. Westmoreland, Sr., John L. Westmoreland, Jr., J. Ralph McClelland,* contra.

QUILLIAN, J. Mr. and Mrs. L. M. Fowler sued Mrs. J. T. Ezzard, individually and as administratrix of the estate of J. T. Ezzard, deceased, on a promissory note in the amount of $2,000, executed by Mr. and Mrs. Ezzard. Mrs. Ezzard answered denying liability individually on the note, and pleading that her signature was affixed merely as surety for her husband, who, she alleged, was the sole maker of the note. Upon the

trial of the case in the Civil Court of Fulton County before a judge without a jury, a judgment was rendered against the defendant both in her representative and in her individual capacities. She made a motion for new trial on the general grounds and on two special grounds, which were merely amplifications of the general grounds. The trial court denied her motion, and the exception here is to that ruling.

The uncontradicted evidence showed that the Ezzards were the parents of Mrs. Fowler; that arrangements were made between Mr. and Mrs. Fowler and Mr. Ezzard to lend him $2,000, to be used in repairing and renovating a house in which the Ezzards lived; and that the Fowlers had advanced $170 of that sum to materialmen and laborers when Mr. Ezzard suffered a stroke. Mrs. Ezzard testified that Mr. Ezzard borrowed the $2,000 from Mr. and Mrs. Fowler; that she did not receive any of the money; that, after Mr. Ezzard had the stroke, he had not made a note to the Fowlers for the money and that Mrs. Fowler came to their house one day and said to her father: " 'Do you feel like signing a note this morning? You got this $2,000, and I haven't got any showing for it.' He said 'yes,' he would sign it, which he did. She wrote the note out. I was sitting in a chair and didn't pay much attention to the note. She read it to him and said, 'Mamma, you had better sign it.' I said, 'Yes, hand it here and I will sign it.' I knew it was a just debt." She testified that her daughter gave a certain check to Stevens Lumber Company for $1,087.36, and paid other amounts constituting the consideration of the note with her full knowledge, and that "I signed the note at that time and she gave him the check" (referring to the check for $1,087.36). "The rest of the money was not paid until after the note was signed. I knew that I had signed the note and that it was to be paid thereafter. I knew that before the money was advanced. I knew that I was going to occupy the house along with Mr. Ezzard. It was for my use as well as his."

The plaintiff's evidence tended to show that the original arrangements to lend the money to Mr. Ezzard had been made and Mr. Ezzard was to give the plaintiffs (presumably) a deed to secure debt to certain property which he owned, as security

for the repayment of the money; that nothing had been said about a note; that the work had actually been started in remodeling the house and $170 had been advanced by Mrs. Fowler to materialmen and laborers when Mr. Ezzard suffered a stroke. Mrs. Fowler testified further: "From that date until January 16th I didn't write any more checks. I was over at my mother's one morning and I said to her, 'I don't know what we are going to do about the old home place. There never was a note mentioned. He was not to give me a note; he was to give me a tract of land.' My mother said, 'You get Mr. Fowler to bring a note home and I will sign it and see that you get your money.' I said, 'Mamma, I am not going to write any more checks until I am sure of payment.' . . My mother made various statements about the payment of this note. She said, 'I will see that you get your money if I have to pay it myself.' My husband heard her say it the night she signed the note. I never did let Mr. Ezzard have the money. He merely asked me to let him have money."

Under the pleadings in this case, the wife admitted a prima facie case for the plaintiff and thereby assumed the burden of proving her defense to the action on the note. *Lovelady* v. *Moss*, 50 *Ga. App.* 652 (179 S. E. 168). The evidence in this case, as set out above, authorized the finding of the trial court that Mrs. Ezzard entered into an original undertaking on her own volition in signing the note, and promised thereby to repay the money which was loaned on the note, and that the lenders of the money loaned it on the strength of Mrs. Ezzard's credit and not on the credit of Mr. Ezzard. Whether the undertaking of a wife who signs a note jointly with her husband is as a maker or as a surety, is a question of fact to be decided by the trior of the facts under all the circumstances of the case. *Reynolds* v. *Starks*, 16 *Ga. App.* 606(2) (85 S. E. 950). "Where the husband and the wife sign a note jointly as joint principals, and there is nothing in the note to show that one is surety for the other, the presumption is that both are liable as joint principals." *Herron* v. *Interstate Life &c. Co.*, 55 *Ga. App.* 534(4) (190 S. E. 631). "Where the creditor, at the time a debt is created, really intends in good faith to extend the credit to the wife, and not to the husband, and the consideration of the loan

passes legally and morally from the creditor to the wife, and where the writings then executed are such as purport to bind her for the debt as her own, then whatever may be the private understanding between the wife and the husband, in which the creditor is not concerned and in which he has no interest, as to the disposition by the wife of the proceeds of the loan so received by her, the writings are to be treated as embracing the true substance of the contract, nor does it matter in such case that the negotiations relating to the loan are in fact all had through the husband where the transaction otherwise appears to be the bona fide and voluntary contract of the wife." *Longley* v. *Bank of Parrott*, 19 *Ga. App.* 701 (92 S. E. 232).

While the evidence in this case authorized a finding that $1,830 of the money which constituted the consideration of the note sued on in this case was advanced by the plaintiffs to Mr. and Mrs. Ezzard jointly in consideration of their signing the note, and that as to that portion of the money lent, it was the intention of the parties to the transaction that Mrs. Ezzard should be bound as a maker and not merely as a surety, the uncontradicted evidence shows that $170 of the $2,000 was advanced by the plaintiffs to Mr. Ezzard before Mrs. Ezzard's signature was affixed to the note in question. Under such state of facts, the judgment against Mrs. Ezzard, individually, for the full $2,000 was not authorized, and $170 of the judgment against her should be written off.

*Judgment affirmed on condition that the plaintiff write off of the judgment against Mrs. Ezzard individually, the sum of $170; otherwise the judgment is reversed. Sutton, C. J., and Felton, J., concur.*