## 2640. LOFTIN, adm'r, v. GREAT SOUTHERN HOME BENEVOLENT ASSOCIATION.

1. The first grant of a new trial upon certiorari will not be disturbed, unless the judgment under review by the certiorari was absolutely demanded.
2. Though "notice to the agent of any matter connected with his agency is notice to the principal" (Civil Code (1910), § 3599), yet whether the agent of the insurance company in the present case was in collusion with the assured in an attempt to defraud the company appears to have been issuable, and the judge did not err, on certiorari, in remanding the case for submission of this issue to a jury.

DECIDED MARCH 3, 1911.

Action on insurance policy; from Fulton superior court—Judge Bell. April 20, 1910.

*Payne, Little & Jones, M. F. Goldstein,* for plaintiff.

*Thomas L. Bishop,* for defendant.

RUSSELL, J. 1. We omit any reference to several of the points presented by the bill of exceptions. The judge of the superior court sustained the certiorari and ordered the case to be retried. There were errors in the justice's court, which would have authorized the conclusion that the conduct of the trial in that court was prejudicial to the defendant, and it may be that the judge was moved by this consideration to set aside the judgment and order another trial. However this may be (for the order sustaining the certiorari is not placed on any special ground), it can not be held, in the state of the record, that the judgment sustaining the certiorari was error. The first grant of a new trial upon certiorari, as upon a motion for a new trial, is largely discretionary, and reviewing courts will not tax their ingenuity to ascertain the reason why a new trial was granted, when it is the first grant and the testimony is so at issue, even circumstantially, as to authorize more than one inference. The first grant of a new trial upon certiorari will not be disturbed, unless the judgment under review by the certiorari was absolutely demanded by the evidence. *Fair* v. *Metropolitan Life Ins. Co.,* 2 *Ga. App.* 376 (58 S. E. 492); *King* v. *Turner,* 6 *Ga. App.* 496 (3), (65 S. E. 321).

2. The pivotal point in this case is whether the agent who wrote the policy was in collusion with the applicant, to defraud the company; in other words, whether the assured and the company's agent shared a common intent to wrong the insurance com-

pany, and conspired together to that end. If they did, and the assured used the treachery of the insurer's agent to wrong the company, she thereby made him to that extent her own agent, and neither she nor her administrator can profit by her wrong. In such a case of dual agency, the agent's knowledge of such facts as ordinarily would have prevented the issuance of the policy, and as would imply a waiver if the policy was in fact issued, can not be imputed to the company. If there was no intent on the part of the agent to defraud his company—the principal that he was in good faith bound to protect—and no conspiracy or collusion to defraud the company, then the company would be presumed to know just what its agent knew. Generally speaking, an insurance company would be bound by the knowledge of its agent; but, as pointed out above, there is an exception to the rule, where it is found that one who deals with the agent induces him to prove false to his principal and to enter into a conspiracy to defraud the principal. The rule of the code is that "notice to the agent of any matter connected with his agency is notice to the principal." Civil Code (1910), § 3599. This rule is modified when an agent proves false to his principal, and at the instance of a third party aids in the communication of false reports as to the insurability of an applicant, for the purpose of benefiting the applicant and of defrauding his principal.

There was evidence in the present case to the effect that the agent knew that the person insured was over 55 years old; but there was also evidence from which it might be inferred that the beneficiary, Bell Loftin, who was making the application, was expressly informed that the misstatement of the age of the person to be insured was not made in pursuance of a waiver, but in order to perpetrate a fraud on his principal. If Bell Loftin, after such statement, accepted the policy, she would, by having adopted the fraud, also have adopted the agent as her own, and, his wrong being therefore hers, she could not profit by it.

*Judgment affirmed.*