*L. H. Covington, Dean & Dean,* contra.

---

### 6898. DEWIT, administratrix, *v.* BOZEMAN.

RUSSELL, C. J. 1. A mortgage will not support trover.

2. "The criterion by which a deed (or bill of sale) to secure debt is distinguished from a statutory mortgage—or, as we ordinarily say, from a mortgage—is that the one passes title and the other does not; and this is determined by the apparent intention of the parties as evidenced by the writings connected with the transaction. Though the instrument purports to convey the property to the grantee, yet if it describes a debt, and there is in it a defeasance clause, i. e., a provision

declaring that it shall be void or of no further effect upon the payment of the debt, it is a mortgage and not a deed." Powell, Actions for Land, § 387; *Cully* v. *Bloomingdale*, 86 *Ga.* 756; *Owens* v. *Bridges*, 13 *Ga. App.* 419 (79 S. E. 225). The instrument dealt with in *Ellison* v. *Wilson*, 7 *Ga. App.* 214, did not contain a defeasance clause.

3. The instrument upon which the plaintiff relied containing the common defeasance clause, providing that if the described debt should be paid at maturity "then this deed or bill of sale to be void," it was in legal effect a mortgage, and not adequate to support trover.

4. The case properly terminated in nonsuit, and the assignments of error other than those dealt with above are immaterial, even if valid.

*Judgment affirmed.*

DECIDED FEBRUARY 18, 1916.

Trover; from city court of Camilla—Judge Bush. August 3, 1915.

*E. M. Davis, L. L. Moore, Shipp & Kline,* for plaintiff.
*Pomp Perkins, Peacock & Gardner,* for defendant.