## 8987.  LANE *v.* SMART.

1. The written instrument offered in evidence by the claimant and relied upon by him as supporting his title to the property under levy showed on its face that it was given as security for a note described in the instrument, and contained the following clause: "Provided, if we shall pay said note when due, the lien thereby created to become void." *Held,* that this instrument is a mortgage and not a bill of sale, and did not put title to the property into the claimant.

2. There being some other evidence, independent of the above-described instrument, in support of the claimant's title, the evidence did not demand a verdict for the plaintiff in fi. fa., and the discretion of the judge of the superior court in the first grant of new trial to the claimant will not be disturbed.

DECIDED NOVEMBER 14, 1917.

Certiorari; from Decatur superior court—Judge Harrell. May 24, 1917.

*W. V. Custer,* for plaintiff.

HARWELL, J. Lane levied a distress warrant on an automobile, to which Leslie Smart filed a claim. The issue was tried by a jury in a justice's court and determined in favor of the plaintiff. The judge of the superior court, upon certiorari, granted the claimant a new trial, to which order the plaintiff excepted. The plaintiff relied mostly, if not altogether, on a written instrument which he claimed put the title to the automobile in him as security for a note. The material part of this written instrument is set out below.

1. Inasmuch as the case is to be retried, it is well to determine whether the instrument relied on by the claimant conveyed title to him, or was simply a mortgage. An instrument containing a defeasance clause, describing the debt, and showing on its face that it is intended as security, is a mortgage, and passes no title. Civil Code (1910), § 3256; *Denton* v. *Shields,* 120 *Ga.* 1078 (48 S. E. 423). The instrument offered in evidence by the claimant in the instant case describes the debt, shows on its face that it is given to secure the payment of that debt, and contains this clause: "Provided, if we shall pay said note when due, the lien thereby created to become void," referring to the note described in the body of the instrument. This is a defeasance clause; and we think that the instrument in question is a mortgage, notwithstanding the use of the words, in another part thereof, "We do bargain, sell, and convey," etc. We have examined the cases cited, especially the case of *Pitts* v. *Maier,* 115 *Ga.* 281 (41 S. E. 570). In that case the court holds that the clause, "Reconveyance of said property to be made upon the fulfillment of all the conditions of this instrument," does not make the instrument in question a mortgage. The distinction which seems to be made by the later cases between an instrument conveying title and a mortgage is that a stipulation for reconveyance of the property is not a defeasance clause, and

does not thereby make the instrument a mortgage; and in so far as the decision in *Pirkle* v. *Equitable Mortgage Co.,* 99 *Ga.* 524 (28 S. E. 34), held to the contrary, it was overruled in the case of *Pitts* v. *Maier,* supra. The clause in question in the instrument to be construed in this case is not a reconveyance clause, but a defeasance clause, stating that the lien created is to become void upon the payment of the note described. See also *Owens* v. *Bridges,* 13 *Ga. App.* 419 (79 S. E. 225), where it is said: "A stipulation for the reconveyance of the property is not a defeasance clause, such as a provision that the instrument would be void on payment of the debt." Compare also *Johnson* v. *Brewer,* 134 *Ga.* 832 (68 S. E. 590, 31 L. R. A. (N. S.) 332); *Ward* v. *Lord,* 100 *Ga.* 407 (28 S. E. 446); *Scott* v. *Hughes,* 124 *Ga.* 1000 (53 S. E. 453); *Massillon Engine &c. Co.* v. *Burnett,* 19 *Ga. App.* 487 (91 S. E. 786), and cases cited. Holding, as we do, that the writing in question in the instant case is a mortgage, and therefore insufficient to support the claim to the property, it is not necessary to pass upon the question of the admissibility of the mortgage in evidence.

2. There is in the record some parol evidence tending to support the claimant's title. Whether or not this testimony is independent of the written instrument relied upon by the claimant, or is merely a conclusion therefrom, does not clearly appear. This can be determined on the next trial. If this testimony of the claimant and his brother is simply a conclusion as to the effect of the written instrument relied on and construed in this opinion to be a mortgage, it should not, of course, be admitted in evidence by the trial court. The first grant of a new trial upon certiorari, as upon a motion for new trial, is largely discretionary, and the reviewing courts will not tax their ingenuity to ascertain the reason why a new trial was granted; and unless the judgment under review by the certiorari was absolutely demanded, the first grant of a new trial upon certiorari will not be disturbed. *Loftin* v. *Great Southern Home Asso.,* 9 *Ga. App.* 121 (70 S. E. 353). In this case we can not say that the judgment was absolutely demanded.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*