10684.  GEORGIA GROCERY COMPANY *v.* BRUNSON.

</div>

JENKINS, P. J.  While it is true that a married woman who personally applies to a tradesman for the purchase of groceries, stating that she wishes to open an account in her own name, and directs the plaintiff to charge the goods to her, will be personally liable therefor, where in pursuance of such express understanding the goods are delivered and charged to her (*Bell* v. *Rossignol*, 143 *Ga.* 150, 84 S. E. 542, L. R. A. 1915D, 1184, Ann. Cas. 1917C, 576; *Goodson* v. *Powell*, 9 *Ga. App.* 497, 71 S. E. 765; *Smith* v. *Brown*, 16 *Ga. App.* 608, 85 S. E. 950), still the husband is bound to support and maintain the wife, and where necessaries are furnished to the wife in the absence of any such express agreement, the presumption is that she contracted for them in the right of her general agency for her husband, and that he, and not she, is liable.  Civil Code (1910), § 2996; *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371, 378 (71 S. E. 691); *Oliver* v. *Webb*, 12 *Ga. App.* 216 (76 S. E. 1081).  This is true even though the creditor may have himself intended to credit the wife and not the husband, unless it be that such intention was expressly declared or communicated to the wife. *Rushing* v. *Clancy*, 92 *Ga.* 769 (19 S. E. 711).  There being a contested issue of fact for the jury in this case, as to whether or not the credit was expressly given to the wife, the judgment of the

superior court sustaining the certiorari and granting a first new trial will not be disturbed. *Mitchell* v. *Treanor,* 11 *Ga.* 324 (4) (56 Am. D. 421); *Weathersby* v. *Jordan,* 124 *Ga.* 68 (52 S. E. 83); *Loftin* v. *Great Southern Home Ben. Asso.,* 9 *Ga. App.* 121 (70 S. E. 353).

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 19, 1919.

Certiorari; from Laurens superior court—Judge Kent. May 1, 1919.

*M. H. Blackshear,* for plaintiff in error.

*Larsen & Crockett,* contra.