## 10735.    LINDER *v.* POPE.

JENKINS, P. J. 1. The plaintiff sued for rent, and showed that for a number of previous years, not embraced in the term sued for, the defendant had given rent notes for the designated land, which he thereafter remained in possession of. The defendant denied that he was or had ever been the tenant of the plaintiff; he claimed to be the true owner of the land, and that the plaintiff, at his request, simply advanced money to redeem the land, taking title in himself, and that the relation of lender and borrower, and not of landlord and tenant, existed between them; that the rent notes which he had given to the plaintiff

were not bona fide, but were given merely at the plaintiff's request, as a subterfuge, in order to protect the plaintiff in some anticipated litigation with his grantor. The jury found for the plaintiff. *Held*:

1. The evidence for the plaintiff sufficiently established an express contract for rent under the relationship of landlord and tenant. If, after the expiration of a lease for a year, the tenant, with the landlord's consent, continues in possession, the law will imply a renewal of the lease. *Roberson* v. *Simons*, 109 *Ga.* 361 (34 S. E. 604) ; *Ridgway* v. *Bryant*, 8 *Ga. App.* 564 (70 S. E. 28).

2. A ground of the motion for a new trial, which assigns error upon the exclusion of certain evidence given by the plaintiff in the trial of another case, but which does not in itself substantially set forth the evidence referred to, does not afford a ground for reversal.

3. The second and third grounds of the amendment of the motion for a new trial assigned error upon certain portions of the judge's charge, wherein the question of the plaintiff's title to the land involved was submitted to the jury, the defendant contending that such question could not be submitted under the pleadings, and that, under the defense wherein it was claimed that the defendant held the land adversely, the question of title was not involved in a suit for rent growing out of use and occupation. *Held*: Under the pleadings and the proof it appears that the plaintiff relied upon an express contract of rental, impliedly renewed; and while the law is that a tenant, while thus actually holding under such a contract, cannot dispute his landlord's title, still he could not, in denying such a contract, be heard to complain that his own contention in support of his denial, to the effect that the plaintiff was without title and that his entry was adverse, was submitted by the charge to the jury. In a case where the suit is not based upon an express contract, but where the claim for rent is sought to be enforced solely by virtue of an implied promise growing out of use and occupation, it is necessary for the plaintiff to show title in himself; whereupon, unless the defendant proves that his entry was adverse to the plaintiff, an implied obligation to pay rent ordinarily arises. Civil Code (1910), § 3692. It would seem that it was upon this theory, and in response to the pleading and proof of the defendant, whereby he thus sought to negative the existence of the alleged express rent contract, that the portion of the charge excepted to was given. Since the evidence authorized a finding that an express contract for rent had existed, and the verdict rendered could thus be arrived at, the charge as given was more favorable to the defendant that he was entitled to; and the question of title as thus sought to be raised by the defendant was not adjudicated by the verdict and judgment rendered.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED MAY 12, 1920.

Complaint; from Laurens superior court — Judge Kent. May 24, 1919.

*M. H. Blackshear, Burch & Daley, William Faircloth,* for plaintiff in error.

*James K. Hines, R. Earl Camp, J. S. Adams,* contra.