14531. MORRISON *v.* EVANS.

JENKINS, P. J. 1. While the husband is legally bound to support the wife, and where necessaries are furnished to her, in the absence of any express agreement to the contrary, the presumption is that she contracted for them in the right of her general agency for her husband, and that he and not she is liable, it is nevertheless true that a wife, who personally applies to a tradesman for the purchase of groceries, and opens the account in her own name under an express agreement that she herself will pay for the goods, becomes liable upon her obligation thus entered upon. *Bell* v. *Rossignol*, 143 *Ga.* 150 (84 S. E. 542, L. R. A. 1915D, 1184, Ann. Cas. 1917C, 576); *Ga. Grocery Co.* v. *Brunson*, 24 *Ga. App.* 484 (101 S. E. 130).

2. Where a suit on open account for necessaries furnished to a wife is brought against both the husband and wife jointly, and where from the uncontradicted evidence it appears that the husband was not a party to the contract, that the account was opened in the wife's own name and under her express promise to pay for the goods, consisting of groceries, which in point of fact were consumed not only by the family but by the wife's boarders, the husband is not liable under his general implied legal obligation, and a verdict rendered against him is unauthorized. *Mitchell* v. *Treanor*, 11 *Ga.* 324 (3) (56 Am. Dec. 421); *Goodson* v. *Powell*, 9 *Ga. App.* 497 (71 S. E. 765); *Commercial Bank* v. *Mitchell*, 25 *Ga. App.* 837 (2) (101 S. E. 130). Accordingly, the court erred in overruling the husband's certiorari.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Certiorari; from Muscogee superior court—Judge Munro. March 24, 1923.

*J. E. Chapman, W. H. McCrory,* for plaintiff in error.

*Davis & Davis,* contra.