### 16134.   SHAW v. ALLEN & CO.

Where a suit upon an open account, for necessaries furnished to a wife, is brought against the husband, and where from the uncontradicted evidence it appears that the husband was not a party to the contract and that the wife, in making the purchase, expressly stipulated that she and not her husband was to be liable, and that the goods were furnished to her upon this condition, the husband is not liable under his general implied obligation, and a judgment against him is contrary to the evidence and unauthorized.

DECIDED MAY 19, 1925.   REHEARING DENIED JUNE 15, 1925.

Certiorari; from Fulton superior court—Judge Humphries. November 12, 1924.

J. P. Allen & Company brought suit against Charles A. Shaw, in the municipal court of Atlanta. The trial resulted in a judgment in favor of the plaintiff. By certiorari the defendant carried the case to the superior court, where the certiorari was dismissed, and he excepted. The suit was upon an account in the sum of $147.50, for a coat furnished to the defendant's wife. The sole contention of the plaintiff in error is that the judgment was contrary to the evidence and without evidence to support it.

Mr. Byington, sworn for the plaintiff, testified as follows: "I am credit manager of J. P. Allen & Company. In October, 1920, Charles A. Shaw, defendant in this case, opened a credit account with the company. This is his letter in which he asks for a line of credit, giving several references as to his reliability (exhibiting a letter). He has never discontinued his line of credit with us. When credit is once extended it continues in force until the party notifies us to discontinue it. Several articles were bought by Shaw's wife on his account during the past three years. The account sued on in this case was for a coat which Shaw's wife bought from us on Shaw's account. A little while before this suit Shaw brought the coat to us and offered to return it, stating that he had not authorized his wife to buy it and that he was not going to pay for it. . . The defendant was not with his wife when she

bought the coat. Shaw's wife bought it from a saleslady. I did not talk with her before or at the time the sale was made. After Shaw's wife left, the saleslady consulted me relative to letting the coat be paid for on October 1, 1923. I informed her it was all right and the coat was sent out to Shaw's home and charged to his account. The statement of the account was sent to Shaw's wife and not to him. That is the custom in all stores in Atlanta."

Mr. Shaw, the defendant, testified: "About three years ago I opened an account with J. P. Allen & Company, the plaintiff. I never bought anything for myself, but my wife took up an article or two on my account which were paid for by her, she having given the money to me for that purpose. She never obtained anything there on my account without first informing me about it. I knew nothing about the purchase of the coat in the case and did not authorize her to get the same on my account. The first I knew it was charged to my account was when she offered to return it after she found out that she could not pay for the same. She had never worn the coat at all. I told the credit manager that I would not pay for the coat, as it had not been purchased on my account. I did not tell him I was unable to pay him."

Mrs. Shaw testified as follows: "I am the wife of Charles A. Shaw, the defendant. In July of this year I went to J. P. Allen & Company to buy a coat. I knew that my husband had opened an account there two or three years ago, but I did not desire to get anything on his credit. I told the saleslady that I was a teacher in the public schools and would be able to pay for the coat on October 1, 1923, myself. I expressly told her that I wanted to get the coat on my own account and responsibility." Mrs. Shaw testified that when she asked the saleslady if this could be done, the saleslady told her that she would have to see the credit manager, as she had no authority to open an account with anybody on credit. "A few days the coat was sent out, billed to me. I concluded that the saleslady had made the arrangement with reference to charging to my account in accordance with my request and with my specific statement to her that I did not want it unless it was charged to my account. I did not know until I offered to return the coat that they had charged it to my husband and not to me. The monthly statements of the bill were addressed to me. This is a statement of the account sent to me by the company."

*Walden & Hixson,* for plaintiff in error.

*Kobak & Levy,* contra.

BELL, J. (After stating the foregoing facts.)

In the absence of anything to the contrary, the presumption is that the husband and the wife were living together. The husband (who is the plaintiff in error) does not contend that the coat furnished to his wife should not be considered within the classification of necessaries suitable to her condition and habits of life. Cohabitation raises a presumption of the wife's authority to purchase necessaries on the credit of her husband; and where the husband seeks to avoid liability on account of purchases so made, he has the burden of "showing that the goods were supplied under such circumstances that he is not bound to pay for them." *Mitchell* v. *Treanor,* 11 *Ga.* 324 (1); *Georgia Grocery Co.* v. *Brunson,* 24 *Ga. App.* 484 (101 S. E. 130); Civil Code (1910), § 2996. The wife may by express contract bind herself personally for necessaries for which the husband would otherwise be liable. *Morrison* v. *Evans,* 31 *Ga. App.* 256 (2) (120 S. E. 430). In the instant case she stipulated with the saleswoman that she did not want the coat, and would not take it, except upon the condition that credit therefor should be extended to her and not to her husband. While it appears that the saleswoman had no authority to close the bargain upon that condition, she was nevertheless the agent of the plaintiff and not the agent of the defendant's wife, and notice to her of the only terms upon which the wife was willing to purchase was in reference to a matter connected with her agency and was notice to the plaintiff. "This is implied actual notice, and actual notice to the agent is imputed to the principal. . . In a case where the agent has actual knowledge, the company has notice, upon the presumption that the agent will do his duty and inform his principal of those facts which affect the company's interest." *Wiley* v. *Rome Insurance Co.,* 12 *Ga. App.* 186, 188 (76 S. E. 1067). The saleswoman was the person with whom the wife dealt in making the purchase, and was the proper agent for the wife to notify of her intention not to purchase the coat except upon her own credit. *Allen* v. *Hastings Industrial Co.,* 2 *Ga. App.* 291 (58 S. E. 504); *Wilensky* v. *Martin,* 4 *Ga. App.* 187 (1) (60 S. E. 1074). She was the proper person to receive the customer's request and to convey it to the plaintiff's agent or

8

officer having authority to determine the matter; although she had no authority herself to extend the credit. The plaintiff, being thus charged by the law with actual knowledge of the wife's stipulation as to the only condition upon which she would buy, impliedly assented thereto when delivering the coat a few days afterwards. The testimony of the wife was uncontradicted and not for any reason subject to discredit. It matters not that the saleswoman may never have notified the plaintiff of the wife's wishes, nor that the plaintiff did not consciously extend the credit to the wife. Whether, under the decisions, a wife living with her husband can not become personally bound for necessaries without an *express promise* on her part even where an actual intention by her to that effect is made manifest by the circumstances, it would seem clearly unnecessary to such result that the seller's agreement to extend the credit to her should be express, provided there are circumstances from which, as in other cases, such agreement by him may be implied.

It conclusively appears that the purchase was solely upon the wife's credit, and, this being true, the husband was not bound. The defendant indisputably and as a matter of law rebutted the presumption existing at the outset against him. The judgment of the municipal court was contrary to the evidence and without evidence to support it. The superior court erred in dismissing the certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

ON MOTION FOR REHEARING.

In the motion for rehearing it is insisted that in our decision we considered the evidence of Mrs. Shaw as set forth in the petition for certiorari, and that we overlooked the fact that the answer to the certiorari as made by the trial judge did not verify the petition with respect to her testimony. We examined the answer carefully and set out the evidence in the statement of facts in the light of it. It contains the following statement: "The testimony for the defendant, Charles A. Shaw, by himself and by his wife, is substantially correct, except that the wife did not state to the saleslady, 'I did not want it on my husband's account; that if it could not be charged to me personally, I would not buy it. She told me that she was sure it could be arranged. I told her then that if it could be arranged that way that I would want her to

send the coat out to me.' Instead of the above quotation, the wife testified, in substance, as follows: 'That she wanted to get the coat on her own account and responsibility, and when·she asked the saleslady if it could be done, the· saleslady told her that she would have to see the credit manager, as she had no authority to open an account with anybody on credit.'" It will thus be noted that the answer verifies Mrs. Shaw's testimony as set forth in the petition, with the exception of certain specified sentences. These were omitted from our direct quotation of her testimony, and, following the judge's answer, we inserted in the place thereof the matter shown by the indirect quotation in the statement of her testimony. We considered only that part of her testimony which the answer verified, together with that which the answer substituted for the part it did not verify.

*Motion for rehearing denied. Jenkins, P. J., and Stephens, J., concur.*