20702, 20795. ARNOLD, administrator, *v.* BROWN; and *vice versa.*

BROYLES, C. J. 1. "A married woman who is living with her husband can not be held liable on an account for necessaries furnished herself . . unless she expressly contracted or signified that she intended that she herself, and not her husband, would assume the obligation." *Oliver* v. *Webb,* 12 *Ga. App.* 216 (3) (76 S. E. 1081); *Freeman* v. *Holmes,* 62 *Ga.* 556; *Georgia Grocery Co.* v. *Brunson,* 24 *Ga. App.* 484 (101 S. E. 130).

2. This was a suit by a daughter against the administrator of her mother's estate to recover a certain sum of money as compensation for necessary services rendered her mother for several years during the mother's last illness. While the services were being performed the mother's husband was alive and living with her, and during all the time the services were being rendered the mother was helpless, bedridden and insane, and unable to make either an express or implied contract of any kind. It is obvious, therefore, that if the daughter was entitled to compensation for the necessary services rendered to her mother, her father (the husband of her mother) was liable therefor and not her mother's estate. It follows that the verdict in favor of the plaintiff was unauthorized and that the court erred in refusing to grant a new trial.

3. The assignments of error in the cross-bill of exceptions are without merit.

*Judgment reversed on main bill of exceptions; affirmed on cross-bill. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 8, 1930.

*Little & Dickerson,* for Arnold, administrator.
*Franklin & Langdale, H. C. Eberhardt,* contra.