## 31696. WILLIAMS v. STARK.

DECIDED SEPTEMBER 13, 1947.

*Kenyon, Kenyon & Gunter,* for plaintiff in error.
*E. C. Stark,* contra.

SUTTON, C. J. E. C. Stark sued out a dispossessory-warrant proceeding against Mrs. A. W. Williams, based on the ground that the defendant, as his tenant, was holding a certain house over and beyond the term for which the same was rented to her. The defendant filed a counter-affidavit in which she denied that the relationship of landlord and tenant existed between her and the plain-

tiff and that she was holding over and beyond her legal term. The case proceeded to trial, both sides introduced evidence, and the jury returned a verdict for the plaintiff for possession of the premises and for double rent. The defendant's motion for a new trial, as amended, was overruled, and she excepted.

■ The defendant contends that the judge erred in overruling the general grounds of the motion for a new trial, for the reason that it did not appear from the evidence that the relationship of landlord and tenant existed between the parties. Under the provisions of the Code, § 61-301, before the plaintiff is entitled to recover, he must show that the defendant is in possession of the premises as his tenant. *Radcliffe* v. *Jones,* 46 *Ga. App.* 33 (1) (166 S. E. 450) ; *McHan* v. *McHan,* 39 *Ga. App.* 632 (147 S. E. 903), and citations. The plaintiff testified that he showed the house to the defendant with a view to renting it, and that after she had seen the house, she stated, "I will take the house," and that he rented her the house and gave her the keys to it; that she paid the rent by checks signed, "Williams Dress Shop," with her name written underneath; that he always collected the rent from her and gave her notice when he increased the rent and when he demanded possession of the premises. It appeared that the plaintiff, as an attorney at law, prepared the papers when the defendant's husband purchased the business operated as Williams Dress Shop prior to the time the house was rented. There was evidence on behalf of the defendant to the effect that the contract of rental was entered into between the defendant's husband and the plaintiff, but this evidence was in sharp conflict with that of the plaintiff.

While a married woman who is living with her husband can not be held liable on an account for necessaries furnished her, unless she expressly contracted or signified that she herself and not her husband would assume the obligation (*Arnold* v. *Brown,* 42 *Ga. App.* 228 (1), 155 S. E. 532), a wife may bind herself individually for the necessities of life furnished to the family, where the credit is extended to her individually and exclusively. *Bell* v. *Rossignol,* 143 *Ga.* 150 (84 S. E. 542, L. R. A. 1915D, 1184, Ann. Cas. 1917C, 576) ; *Georgia Grocery Co.* v. *Brunson,* 24 *Ga. App.* 484 (101 S. E. 130). "Lodgings or a dwelling abode for the family unquestionably constitutes a necessity of life, and an obligation to pay the rent due thereon or therefor is an obligation to pay for a necessity

of life for which the wife may become individually liable by express contract." *Butler* v. *Godley,* 51 *Ga. App.* 784, 785 (181 S. E. 494). Under the evidence in this case, the jury was authorized to find that the contract of rental was between the plaintiff and the defendant individually, and that the relationship of landlord and tenant existed between them, and the court did not err in overruling the general grounds of the motion for a new trial.

■ Complaint is made in special ground 4 of the motion on the refusal of the trial judge to give the following request in charge to the jury: "I charge you, gentlemen of the jury, that the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal. And unless there be other evidence tending to establish his right to recover, he is not entitled to a finding in his favor, if that version of his testimony the most unfavorable to him shows that the verdict should be against him." The request stated a sound principle of law. In this connection, see *Liberty National Life Ins. Co.* v. *Mitchell,* 73 *Ga. App.* 673, 675 (37 S. E. 2d, 723), and citations; *Davis* v. *Akridge,* 199 *Ga.* 867 (2) (36 S. E. 2d, 102). One of the issues in the present case was whether or not the contract of rental was for a term of a year, as contended by the defendant, or by the month, as contended by the plaintiff. On the trial, the defendant testified that the plaintiff told her when she moved into the house that he did not want to rent it except by the year, and A. W. Williams, the husband of the defendant, testified that it was understood between him and the plaintiff that he was renting the house by the year, and that when the plaintiff raised the rent, the plaintiff agreed to let him have the house for another year from that time. The plaintiff testified in part: "I wouldn't say whether or not this house was rented for a year to Mrs. Williams. . . I wouldn't say whether it was rented for a year. . . There was no agreement as to the time the rent contract would continue. It was a month by month agreement. There was nothing said about it being month by month, only I would rent it to her by the month, and sometime last year the rent was advanced to $30 per month. . . I might have stated a moment ago that when the original arrangements were made I didn't recall whether it was made by the year or not, but I state now in my place, in my best recollec-

tion and I would testify in my honest opinion and belief, there was never any terms discussed, she just rented the house by the month. . . I didn't state a while ago that I didn't recall whether there was a rent arrangement by the year or not." The plaintiff himself was the only witness offered in his behalf and, under the facts of this case, the requested charge was pertinent and applicable to the issues of the case, and should have been given. The judge erred in overruling special ground 4 of the motion for a new trial.

■ In special grounds 5 and 6, error is assigned on the refusal of the court to give in charge certain requests to the effect that, where there is a lease for the term of a year, and the tenant, by consent of both parties, remains in possession of the premises after the expiration of the lease and continues to pay rent to the landlord under the terms of the lease, which rent is accepted by the landlord, the law implies a renewal of the lease for another year. The evidence was in conflict as to the terms of the rental agreement. There was evidence for the defendant to the effect that the original rent agreement was for the term of a year, and that the defendant had since remained in possession of the property under this agreement, as modified by an increase in rent, paying the plaintiff the rent each month, which he had accepted. The plaintiff testified that he rented the premises to the defendant in August, 1943, on a month-to-month basis, and that in April or May preceding the institution of the present action, he increased the rent from $25 to $30 per month, but that this was the only change in the terms of the rental contract. The burden of proof was upon the plaintiff to show, not only that the defendant was in possession of the premises as his tenant, but that her term had expired. "In order for the plaintiff in a dispossessory-warrant proceeding to recover on the ground that the . . tenant is holding over and beyond his term, it is incumbent on the plaintiff to show the nature and term of the tenancy in order to establish the fact of the holding over." *Stepp* v. *Richman,* 75 *Ga. App.* 169 (42 S. E. 2d, 773). It was held in *Allen* v. *Montgomery,* 25 *Ga. App.* 817 (1) (105 S. E. 33) : "Where there is a lease for a year and the tenant, after the expiration of the lease, by consent of both parties, remains in possession of the premises and continues to pay rent to the landlord under the terms of the lease, which rent

is accepted by the landlord, the law implies a renewal of the lease for another year." In this connection, also see *Linder* v. *Pope,* 25 *Ga. App.* 332 (1) (103 S. E. 265) ; *Beveridge* v. *Simmerville,* 26 *Ga. App.* 373 (3) (106 S. E. 212) ; *Ridgway* v. *Bryant,* 8 *Ga. App.* 564 (70 S. E. 28), and citations; *Roberson* v. *Simons,* 109 *Ga.* 360 (34 S. E. 604). In the recent case of *Metzer* v. *Connally Realty Co.,* 75 *Ga. App.* 274 (43 S. E. 2d, 169), this court said: "The distinction between the cases holding that continuing to accept and pay rent after the expiration of the calendar year constitutes a renovation of the contract for another year, and cases holding that such conduct on the part of the parties creates a tenancy at will, is that in the former class of cases the original contract was either for one year or the rent was paid by the year, thus implying a contract for the calendar year. In order for there to be a renovation of a contract for the year, there must first be such a contract, either express or implied. In the latter class the rent to begin with was paid and accepted by the month. Undoubtedly in all such cases and irrespective of how the rent is paid and accepted, where time is not fixed for the tenant it runs until the end of the calendar year. . . Where the rent is paid by the year, there arises by implication a contract for that year and a renovation thereof for another year, if after the end of the calendar year the premises are continued to be held and the rent continued to be paid and accepted. Where the rent is paid by the month and the termination of the tenancy not fixed, a tenancy until the end of the first calendar year arises by operation of law, and thereafter, if the tenant retains possession and the rent is paid and accepted, a tenancy at will arises by operation of law." This seems to be the correct rule in such cases. Of course, if the rent contract was for one month or a specified number of months terminating before the end of the calendar year, then in such case the tenant could not lawfully hold on until the end of the calendar year, but he would be a tenant at will after the expiration of the rent contract.

The requested charges were pertinent and applicable to the issues involved under the pleadings and the evidence, and the court erred in refusing the requests and in overruling special grounds 5 and 6 of the motion for a new trial.

■ Special grounds 7 and 8 of the motion show no error.

*Judgment reversed. Felton and Parker, JJ., concur.*