## 52615. NABORS v. BLANCHE REEVES INTERIORS, INC. et al.

WEBB, Judge.

Mr. and Mrs. Nabors built a new home, and engaged Reeves for interior decoration and the acquisition of numerous items of custom-made furniture selected principally by Mrs. Nabors. Afterwards, the Nabors were divorced, leaving Reeves with an unpaid account of $12,544.53. Reeves brought action against both, and each of the Nabors sought to pin liability on the other. The case was heard by the trial judge without a jury, who made his findings of fact and conclusions of law, and rendered judgment against both. Mr. Nabors abandoned his appeal, and Mrs. Nabors pursued hers.

Argument is made for Mrs. Nabors that the trial judge erred in his findings that (1) the oral contract for furniture and interior decorating was between Reeves on the one part and both Mr. and Mrs. Nabors, husband and wife, on the other part, and that it was the intention of all parties that Mr. and Mrs. Nabors were to be jointly liable for payments pursuant to that contract; (2) the contract was to be based upon the credit of both defendants; and (3) the furniture which had been purchased had become an accession to the separate estate of Mrs. Nabors.

1. Findings of fact by a trial judge who sits without a jury may not be set aside unless clearly erroneous. Code Ann. § 81A-152 (a); *Pinkerton & Laws Co. v. Atlantis Realty Co.*, 128 Ga. App. 662, 665 (1) (197 SE2d 749) (1973). "Concomitant with this principle is the directive that 'After judgment every presumption and inference favors it and the evidence must be construed to uphold rather than to destroy it. [Cit.]' Thus, in considering arguments concerning the fact findings we can not disturb the judge's findings and judgment absent some error of law." *Kingston Development Co. v. Kenerly*, 132 Ga. App. 346, 349 (1) (208 SE2d 118) (1974); *Wiles v. Brothers*, 138 Ga. App. 616 (3) (226 SE2d 805) (1976). There was ample testimony to satisfy the "any evidence" principle, and we must rule against the appellant on her enumerations of error which challenge the trial judge's findings of fact.

2. Mrs. Nabors further contends that the trial judge erred in concluding as a matter of law that her "husband is not exclusively liable for necessaries where the contract is based on the credit of both husband and wife and they jointly agreed to pay." We do not agree.

Code Ann. § 53-510, which imposes a duty upon the husband to support and maintain his wife, and provides that his consent shall be presumed to her agency in all purchases suitable to her condition and habits of life, does not preclude the joint liability of husband and wife. The wife may bind herself personally for necessaries for which the husband would otherwise be liable. *Morrison v. Evans,* 31 Ga. App. 256 (1) (120 SE 430) (1923); *Shaw v. J. P. Allen & Co.,* 34 Ga. App. 111 (128 SE 699) (1925).

Indeed, the wife may be held liable for the purchase of necessaries even when she was not an express party to the contract. This court held, in *Gibbs v. Carolina Portland Cement Co.,* 50 Ga. App. 229, 230 (2f) (177 SE 760) (1934), "While proof of the relationship of husband and wife, and that work was done and material furnished to improve real estate belonging to the wife, without more, is not sufficient evidence to establish the fact that she is an undisclosed principal and the husband merely her agent, so as to render her liable for contracts made by him with third persons [Cit.], yet only slight evidence of the husband's agency is required under the law to charge the wife with being the principal [Cits.]; and the evidence authorized a finding that the materials were bought to be used in the house of the wife being built by the husband, that the materials were bought by the husband in the wife's name, that the creditor extended the credit to the wife, and that the wife ratified the husband's purchase of the materials, by promising to pay for them at a later date."

Earlier this court had held in *Reynolds v. Starks,* 16 Ga. App. 606 (1) (85 SE 950) (1915), "While a wife can not legally become surety for her husband's debt, yet where she and he jointly sign a promissory note for clothing, hats, etc., for herself and their children, he and she become joint debtors. There is no element of suretyship on the part of one for the other. The wife, in such a case, does not undertake to pay the debt of her husband, her

undertaking is to pay her own debt, one which she has made her own by sharing in the consideration and by uniting in the joint contract to pay the whole sum. [Cits.]"

The trial judge found here as a matter of fact that "That oral contract . . . was based upon the credit of both defendants. It was the intention of all parties . . . that the defendants were to be jointly bound by the terms of that contract and were to be jointly liable for the payments pursuant to the terms of that contract." There was ample evidence to support these findings. All invoices were made to both Mr. and Mrs. Nabors; the first and only payment was made by Mrs. Nabors individually; the furnishings by Reeves for a previous home had been paid for by Mrs. Nabors; testimony on behalf of Reeves was that the contract was on the credit of both; and at the time the furniture in question was delivered, title to the home was and remains in Mrs. Nabors.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED SEPTEMBER 27, 1976.

*Westmoreland, Hall, McGee & Warner, Edward E. Bates, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, J. Stanley Hawkins, Smith, Cohen, Ringel, Kohler & Martin, Bruce H. Beerman,* for appellees.