## 55043. MAY v. BLANCHARD.

WEBB, Judge.
John H. May, a certified public accountant, sued Mrs. George Blanchard for the value of services allegedly rendered to her and her husband in the preparation of

1971 and 1972 income tax returns and various conferences with IRS regarding the returns. May's action was against Mrs. Blanchard only, Mr. Blanchard having obtained the cloak of bankruptcy. Mrs. Blanchard denied liability, and from the grant of her motion for summary judgment May has entered this appeal. We affirm.

Affidavits of both Mr. and Mrs. Blanchard show that Blanchard was not acting as agent for his wife, that he personally employed May to perform certain accounting services; that Mrs. Blanchard at no time went to May's place of business, never authorized in any manner the extension of her credit for May's services, never authorized her husband to act as her agent in employing May, had no income in 1971 and 1972, and never made or promised any payment on account for the alleged services.

In his affidavit opposing the grant of summary judgment the complainant nowhere asserted that Mrs. Blanchard ever requested him to prepare the tax returns, or to appear on her behalf or on behalf of her husband before the IRS examiners, or ever promised to pay him. The closest he got to involving Mrs. Blanchard was that she had signed the joint tax returns, and that he had "discussed the tax data and the information directly with Mrs. Blanchard by phone."

We held in *Nabors v. Blanche Reeves Interiors, Inc.,* 139 Ga. App. 638, 639 (2) (229 SE2d 117) (1976) that a wife may be held liable for the purchase of necessaries even when she was not an express party to the contract. There was ample evidence in that case, however, that the contract was based upon the credit of both husband and wife, and that it was the intention of all parties that the husband and wife were to be jointly bound. Here no such evidence appears.

In *Oglesby v. Farmers Mut. Exchange,* 128 Ga. App. 387, 389 (7) (196 SE2d 674) (1973), FMX sued husband and wife for fertilizer and other farm supplies used on a farm owned by the wife. Mrs. Oglesby's motion for summary judgment was granted, and in affirming we stated: "Neither the receipt by the wife of the goods or beneficial results from same; nor her giving her husband an endorsed check which he used in part payment of his account; nor the wife's ownership of the lands on which

the farm supplies were used, are sufficient to show that her husband acted as her agent in making the purchases." See also *Nix v. Luke,* 96 Ga. App. 123, 128 (99 SE2d 446) (1957); *Chas. S. Martin Distributing Co. v. Foster,* 140 Ga. App. 12 (230 SE2d 77) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JANUARY 11, 1978 — DECIDED FEBRUARY 2, 1978.

*Saliba & Newsom, George M. Saliba,* for appellant.
*Langdale & Vallotton, William P. Langdale, Jr.,* for appellee.