RUSHING *v.* CLANCY.

A married woman, though having no separate estate, may, by express contract signifying that she intends to bind herself and not her husband, become liable for board thereafter furnished to herself and children on her credit; but where she, in company with her husband, he being present but taking no part in the negotiations, contracts for board without any express promise to charge herself or her separate estate, the board contracted for being such as her husband is bound to furnish to her and her children, he, after the board is furnished in pursuance of the contract, is liable for the bill, and she is not liable, although the other party may have intended to credit her and not him, this intention not having been expressly declared or communicated to her.

January 8, 1894.

Complaint on account. Before Judge Ross. City court of Macon. June term, 1893.

Mrs. Clancy sued Mrs. Rushing for $216.50, ten months board for self and two children at $25 per month, less $33.50 cash. The cause was heard by the judge without a jury. He found for the plaintiff the sum sued for, and defendant excepted, upon the ground that the judgment was contrary to the evidence, against the weight of the evidence, and contrary to law.

Mrs. Clancy testified : The account is true and correct, past due and unpaid. I made the contract for board with Mrs. Rushing. I had known her before. Did not know Mr. Rushing in the matter at all; had never met him before the contract was made. Mrs. Rushing, her husband and two children all came to my house together, after Mrs. Rushing had written to me concerning the board. I agreed to board her and two children for $25 per month. At the time, Mr. Rushing was traveling and was there very little. He was to pay twenty-five cents for each meal he took. I did not have any talk with him in regard to boarding him and family, but my contract and conversation as to the board

v 92-49

was all with her. She paid me the $3.50 credited on the account, and Rushing paid me the $30. I have asked him for the money several times, but did it because I would first ask her and she told me to go to him for it. He also paid me $30 first of October; did not pay anything the first of September, and paid the $30 November first, which is credited on account. He took meals to the amount of $56. I kept a book in which the account was entered, and his meals were charged in the same account with the board of Mrs. Rushing and the children. I only kept one account; it was all charged together. Mrs. Rushing admitted the account, and promised to pay me when she got her money. When the contract for board was made, I did not extend credit to Rushing for board of himself and family, but extended the credit to Mrs. Rushing, because I had known her almost all of her life and thought she would pay. I knew her mother had some property, and I thought she would inherit it. Her mother was about forty years old at the time.—Clancy testified, that he called on Mr. Rushing for payment of the account, at Rushing's place of business in Macon, the summer before the trial, and Rushing said it was his wife's debt and refused to pay it.

Mrs. Rushing testified, that she was not indebted to the plaintiff for the board of herself and children, but her husband was; that her husband was off on the road; that he paid all obligations, no bill ever being presented to her; that he paid the board for the family August 1, 1890, to November 5, 1890, when he got behind in the amount that was due; and that her income depended entirely upon him. Rushing testified, that the debt was his and not his wife's; that he made the contract with plaintiff for the board, and had a good job at the time traveling, and was away nearly all the time; that he paid plaintiff $30 September first, which settled everything in full to that date, and also paid her $30 Novem-

ber first; that then he lost his job, and has not been able to pay since; that at the time the contract was made and during the time the account accrued his wife did not have a dollar in the world, but since then her mother had died and she inherited some property from her mother's estate; that he did not tell Clancy, at his place of business the summer before, that it was his wife's debt, but told him that it was his, Rushing's, but told him he would give him notes and get his, Rushing's, wife to indorse the notes, but she refused to do so; and that he is not worth any property, but his wife is worth considerable, which she inherited from her mother.

L. D. MOORE, by brief, for plaintiff in error.

SIMMONS, Justice.

The facts will be found in the official report. Under these facts we think the court erred in finding for the plaintiff. It is true that under our law a married woman who has no separate estate may by express contract bind herself for the board of herself and her children, although she may have a husband living, but the contract must be such a one as would indicate that she intended to bind herself individually and not her husband. Although a woman may have a separate estate, her husband is bound to support her and his children, and if the wife, while in company with her husband, makes a contract with another for board for herself and her children, and it is not expressly stipulated between the wife and the other party that she is to be bound individually, the debt is the husband's and not hers; and this is true although the other party may have intended to credit her and not the husband. If the plaintiff in the court below had given the defendant notice, at the time the contract was made, that she extended the credit to her and not to her husband, then, under our law, she would have been liable, although she had no separate

estate at that time. The evidence not showing that any express contract was made by the wife which would render her individually liable, the finding of the court was contrary to law and the evidence.

<div align="right">

*Judgment reversed.*