10281. ROBINSON *v.* McCOMMONS, THOMPSON, BOSWELL COMPANY.

JENKINS, J. This was a suit upon an account for wearing apparel, household supplies, etc. The defendant in his answer denied indebtedness, and for further plea alleged that he never purchased or authorized any one to purchase for him any of the articles in the account; that prior to the date of the first item he borrowed a stated sum of money for the purpose of paying cash for all purchases made by him, and that he "informed plaintiffs of this, and expressly told some member of their firm, in the presence of their then bookkeeper [named], that he would pay cash for everything in future, and instructed them to charge nothing to him, and told them that if after this anything was charged to him he would not be responsible for nor pay for the same." On the trial the manager of the plaintiff company testified that the account sued on was past due, true, and correct; that he had asked the defendant if he would not pay the account; that he did not then have the account with him, but had a memorandum of the amount, and that the defendant

several times promised to pay it; that the defendant, his wife, and their two minor children bought the articles in the account. The defendant testified substantially to the facts alleged in his plea, and denied that he had ever promised to pay the account, but testified that he could not point out a single item of the account that he, his wife and family did not receive and get the benefit of. There was no evidence that any of the items of the account were not necessaries suitable to the condition of life and habits of the defendant's wife and family. The verdict was for the plaintiff. Refusal to grant a nonsuit, the giving of section 2996 of the Civil Code (1910) in charge to the jury, failure to charge as to the notice set up as a defense, and the admittance of certain books of account in evidence, were complained of in the defendant's motion for a new trial. *Held:*

1. "An exception based upon the refusal of the court to award a nonsuit will not be considered, where subsequently thereto the case is submitted to the jury, and, a verdict being rendered against the defendant, a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence, and without evidence to support it." *Dudley* v. *Isler,* 21 *Ga. App.* 615 (94 S. E. 827).

2. Cohabitation and joint use of the goods purchased is presumptive evidence of the wife's authority to contract, and it is for the husband to rebut the presumption by showing that the goods were supplied under such circumstances that he is not bound to pay for them. Such a presumption can only be rebutted by positive and unequivocal evidence that the articles furnished were not necessaries, or that the seller had either actual or constructive notice of an allowance to the wife by the husband, either permanent or temporary, sufficient to enable her to procure necessaries without obtaining them upon her husband's credit. Civil Code (1910), § 2996; *Connerat* v. *Goldsmith,* 6 *Ga.* 14; *Mitchell* v. *Treanor,* 11 *Ga.* 324 (56 Am. D. 421); *Green* v. *Coast Line R. Co.,* 97 *Ga.* 15, 35 (24 S. E. 814, 33 L. R. A. 806, 54 Am. St. R. 379); *Adler* v. *Morrison,* 15 *Ga. App.* 139 (82 S. E. 783). The court did not err, therefore, in giving in charge to the jury the section of the code cited above, and for the same reason the third special ground of the motion for a new trial is without merit.

3. The books of account of any merchant doing a regular business and keeping daily entries thereof may be admitted in evidence in corroboration of his testimony as to the correctness of such accounts, upon proof being made by his customers that he usually kept correct books, even though no proof is made that no clerk was kept, or that he was unable to testify. Civil Code of 1910, § 5769 (3); *Shields* v. *Carter,* 22 *Ga. App.* 507, 509 (96 S. E. 330). In this case the trial judge did not abuse his discretion in allowing the plaintiff to introduce its books of account in evidence after both sides had closed and argument commenced. *Wooten* v. *Solomon,* 139 *Ga.* 433 (77 S. E. 375); *Watson* v. *Barnes,* 125 *Ga.* 733 (2) (54 S. E. 723).

4. There was sufficient evidence to authorize the verdict.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED JULY 17, 1919.

Complaint; from Greene superior court—Judge Park. November 23, 1918.

*F. B. Shipp,* for plaintiff in error. *Noel P. Park,* contra.