*Jones, Jones, Johnston & Russell,* for plaintiff.
*Park & Strozier,* for defendant.

19647. MANLEY *v.* CHAMBERLIN-JOHNSON-DuBOSE CO.

**32**

DECIDED JANUARY 24, 1930. REHEARING DENIED FEBRUARY 12, 1930.

*Cecil R. Hall,* for plaintiff in error.

*Dillon, Calhoun & Dillon, S. G. Gilbrealh Jr.,* contra.

JENKINS, P. J.  "The husband is bound to support and maintain his wife, and his consent shall be presumed to her agency in all purchases of necessaries suitable to her condition and habits in life, made for the use of herself and the family. This presumption may be rebutted by proof." Civil Code (1910), § 2996. Thus the consent of the husband to the wife's agency for him in the purchase of necessaries suitable to the condition and station of the family is to be presumed, and this presumption can only be rebutted by clear and unequivocal evidence that the articles furnished are not necessaries, or that the seller had actual or constructive notice of an allowance to the wife by the husband, either permanent or temporary, sufficient to enable her to procure necessaries without obtaining them upon her husband's credit. *Adler* v. *Morrison,* 15 *Ga. App.* 139 (82 S. E. 783). In the instant case no issue is involved, and no insistence made that the goods furnished were not necessaries within the meaning of the code-section quoted, nor is there any contention or insistence that the seller had either actual or constructive notice of an allowance to the wife by the husband, such as would relieve the husband from his ordinary liability. The contention of plaintiff is that the goods were contracted for by the wife on her own individual credit. This she had the right and power to do, for "a married woman, though having no separate estate, may, by express contract signifying that she intends to bind herself and not her husband, become liable for board thereafter furnished to herself and children on her credit." *Rushing* v. *Clancy,* 92 *Ga.* 769 (19 S. E. 711). Thus, while the wife has prima facie authority to bind the husband in the purchase of necessaries, still the husband is not bound when it affirmatively appears that the tradesman contracted with the wife individually, and extended the credit to her in her individual capacity, and that

both parties to the contract so understood. *Bell* v. *Rossignol*, 143 *Ga.* 150 (84 S. E. 542, L. R. A. 1915D. 1184, Ann. Cas. 1917C, 576) ; *Goodson* v. *Powell*, 9 *Ga. App.* 497 (71 S. E. 765). It is the rule, however, that where it does not thus plainly appear that she has so contracted, and that it was the intention of the parties that the goods were to be furnished on her own individual credit, it is to be presumed that she contracted for them in the right of her general agency for her husband, and that he and not she is liable. *Robinson* v. *McCommons &c. Co.*, 24 *Ga. App.* 106 (100 S. E. 43) ; *Brazell* v. *Hearn*, 33 *Ga. App.* 490, 491 (127 S. E. 479). Accordingly, the test in any given case is what was the actual contractual intention of the parties. *Milchell* v. *Treanor*, 11 *Ga.* 324 (56 Am. D. 421). Before the presumption can be set aside, it must plainly appear that it was the real intention and purpose of the wife that the goods were to be furnished on her own individual credit. *Rushing* v. *Clancy*, supra. In the instant case, while it appears from the testimony of various clerks that the defendant wife had, on several occasions, referred to the account as her account, and directed that goods be charged thereto, and that sale tickets and monthly statements were issued accordingly, and that, according to the disputed testimony of one witness for the plaintiff, the defendant had made about a half dozen payments of undisclosed amounts on the account during a long period of years, although the husband had made the bulk of the payments, amounting in all, over such period of years, to some five or six thousand dollars, there is no evidence that the wife ever intended or agreed that the account spoken of and referred to in conversations with the clerks as her account should be based upon her own individual credit, nor is there any testimony that she ever applied for credit, or was ever granted credit, or ever made any statement implying that it was her intention to become individually and personally liable, or that any statement was ever made to her by the tradesman that she was considered personally responsible. In point of fact, the evidence for the defendant appears to be undisputed that the account was originally opened in the name of her husband, upon application made by him soon after their marriage, twenty-six or twenty-seven years before, and that it was run in this way until changed to the name of the wife by the plaintiff without any request or authority from any source. The only evidence by

which it was sought to dispute this testimony appears to be that of one of the credit managers, who testified that the account had been running in the name of the wife, to his knowledge, since 1910. The account being prima facie due by the husband, before liability could be transferred from him to the wife there must have been some expressed intention on her part to assume it, acted on by the tradesman, something more than merely running and billing the account in her name, and her general references to it accordingly in making purchases. These were merely circumstances which might be taken in connection with other evidence to establish a contract pledging her individual credit. *Wolff* v. *Hawes,* 105 *Ga.* 153, 157 (31 S. E. 425). Such demeanor on her part, in the absence of any proof of an assumption of personal liability, could not reasonably be held sufficient to establish her intention personally to assume the liability imposed by law upon the husband. Accordingly, the evidence is entirely lacking as showing an agreement on the part of the defendant wife to assume the obligation sued on, and the charge of the court, that the husband would be primarily responsible, unless "she should so demean herself and give such instructions as would reasonably justify the seller in believing that she was intending to become personally liable for the goods," was likely to be misapplied by the jury, in view of the nature of the evidence relied upon by the plaintiff, and the entire lack of evidence upon the vital question of whether the wife had ever sought to assume the liability as her own.

*Judgment reversed. Stephens and Bell, JJ., concur.*