### 21129.  RICH *v.* BELCHER.

JENKINS, P. J.  1.  While the plaintiff in a suit in a justice's court must set forth with some degree of certainty his cause of action (*Thomas* v. *Forsyth Chair Co.,* 119 *Ga.* 693, 46 S. E. 869), technical pleading is not required (*Fine* v. *Southern Express Co.,* 10 *Ga. App.* 161, 163, 73 S. E. 35; *Cooney* v. *Foote,* 15 *Ga. App.* 455, 83 S. E. 696).  Accordingly, a liberal construction has been given § 4715 of the Civil Code (1910), and if the defendant in a justice's court is informed of the nature of the plaintiff's demand against him, the requirement of the code section is met.  *Kinney* v. *Kinney,* 20 *Ga. App.* 816 (93 S. E. 496).  In the instant case the open account sued on in the justice's court was sufficiently

itemized, in that it showed the month and year of each purchase, and specified each article, and the price of each article going to make up the account.

2. "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate at his election. If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons. As a general rule, the oldest lien. and the oldest item in an account will be first paid, the presumption of law being that such would be the fair intention of the parties." Civil Code (1910), § 4316. Accordingly, the instant suit was not subject to demurrer on the ground that it was barred by the statute of limitations because the itemized account showed that some of the purchases going to make up the account were made more than four years prior to the bringing of the suit, where it showed also a general credit representing a payment of more than the aggregate of such particular items. *Hobbs* v. *Crawford*, 4 *Ga. App.* 585 (62 S. E. 157).

3. "The husband is bound to support and maintain his wife, and his consent shall be presumed to her agency in all purchases of necessaries suitable to her condition and habits in life, made for the use of herself and the family. This presumption may be rebutted by proof." Civil Code (1910), § 2996. Thus, the consent of the husband to the wife's agency for him in the purchase of necessaries suitable to the condition and station of the family is to be presumed, and this presumption can only be rebutted by satisfactory evidence that the articles furnished are not necessaries, or that the seller had actual or constructive notice of an allowance to the wife by the husband, either permanent or temporary, sufficient to enable her to procure necessaries without obtaining them upon her husband's credit. *Adler* v. *Morrison*, 15 *Ga. App.* 139 (82 S. E. 783); *Manley* v. *Chamberlin-Johnson-DuBuse Co.*, 41 *Ga. App.* 31, 32 (151 S. E. 676). In the instant case the jury in the justice's court were authorized to find that the purchases, except one which was expressly ratified by the defendant, were made by the defendant's wife, and were necessaries suitable to her condition and habit of life. While there is no direct testimony upon the subject, the reference of the defendant, in his testimony, to his wife and family, authorized the inference that the defendant and his wife were living together.

4. The testimony of the plaintiff's clerk, to the effect that the plaintiff had informed him of the defendant's previous instruction to the plaintiff not to charge to the defendant articles purchased by his children, making no reference to purchases made by the wife, was, under the foregoing ruling in paragraph 3, immaterial, and its admission could not have been harmful to the defendant. Especially is this true in view of the positive testimony of the plaintiff himself to the same effect. The allegation of the petition for certiorari, as to the alleged prejudicial statement by the justice of the peace in admitting such testimony, is not supported by the answer of the magistrate.

5. The finding of the jury generally in favor of the plaintiff, authorized entering judgment for the full amount of the balance due on the

account, to wit, $27.78, since there was no dispute as to its correctness. See, in this connection, *Schofield* v. *Little,* 2 *Ga. App.* 286 (7) (58 S. E. 666).

6. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided May 15, 1931.

*P. D. Rich,* for plaintiff in error. *A. B. Conger,* contra.