22326. GREENE *v.* BALLARD *et al.,* executors.

BROYLES, C. J. 1. The items of the suit stricken on special demurrers were, as a matter of law, not legal charges against the estate involved, and those demurrers were properly sustained.

2. "While a married woman has such contractual ability that she can make a special contract to pay for necessaries furnished to her, still where it does not affirmatively appear that she has so contracted, and it merely appears that the necessaries were furnished, it is to be presumed that she contracted for them in the right of her general agency for her husband, and that he, and not she, is liable for them." *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371, 378, 379 (71 S. E. 691) ; Civil Code (1910), §§ 2996, 2997; *Freeman* v. *Holmes,* 62 *Ga.* 556; *Rushing* v. *Clancy,* 92 *Ga.* 769 (19 S. E. 711). Applying the principle of the foregoing ruling to the facts of the instant case, the estate of the deceased mother of the plaintiff was not liable for the necessaries furnished the mother during her last illness, and the court did not err in awarding a nonsuit.    *Judgment affirmed.   Luke and Hooper, JJ., concur.*

DECIDED AUGUST 31, 1932.

*E. H. George,* for plaintiffs.
*Foster & Lewis,* for defendants.

22327. GREENE, for use, etc., *v.* BALLARD *et al.,* executors.

BROYLES, C. J. Under the facts of the case and the principles of the rulings in *Irwin* v. *Peek,* 171 *Ga.* 375 (155 S. E. 515), the plaintiff (a legatee and heir of her deceased mother's estate), suing in her name for the use of E. H. George, to recover attorney's fees for the said George (which she had contracted to pay him for his services as an attorney in representing her in certain litigation which she had with the nominated executors of the estate over the probate of her mother's will), was not entitled to recover said fees from the executors of her mother's estate, and the court properly dismissed her petition, on general demurrer.

*Judgment affirmed.   Luke and Hooper, JJ., concur.*