## 23515.   HUTCHINGS v. SNYDER.

STEPHENS, J.  1. While the husband's consent to the agency of his wife in the purchase of necessaries suitable to her condition and habits of life is presumed, this presumption may be rebutted by proof that the necessaries were sold to the wife in her individual capacity and upon her own credit, under a contract by which she, and not the husband, became contractually obligated to make payment therefor. Civil Code (1910), § 2996; *Manley* v. *Chamberlin-Johnson-DuBose Co.*, 41 *Ga. App.* 31 (151 S. E. 676), and cit.  That the credit was extended to the wife under an express contract with her may be established by circumstantial evidence consisting of the facts and circumstances surrounding the transaction.

2. Upon the trial of a suit against the husband to recover for the price of a coat which it is alleged was a necessary, and was bought by the wife from the plaintiff, where the husband defended upon the ground that the debt was not his but that of the wife, and where there was evidence that she went to the plaintiff's place of business and bought the coat, that the husband was not present and knew nothing of the transaction, that the plaintiff "opened" the account with the wife and the "account was charged" to her and not to the husband, that the plaintiff had "no account against" the husband for the coat, that "she was to pay" for the coat in designated installments on designated dates; that she afterwards made several payments on the purchase-price, leaving as a balance due the amount sued for, although it may appear, without dispute, that at the time of the sale nothing was said as to the coat's being charged to the wife or the husband, and she at the time stated to the plaintiff that her husband worked for the railroad, and the plaintiff "extended the credit" (it not appearing to whom) because this representation was correct, the inference is authorized that the contract for the sale of the coat was made with the wife in her individual capacity, and not with the husband, through her, as his agent.

3. A charge that if the credit was not extended "exclusively" to the wife, and no separate or express agreement was made between her and the plaintiff that she was to pay for the coat, and that the plaintiff "sold" the coat to her "in good faith" with the expectation that the husband would pay for it if she did not, is an instruction that if the coat was sold to the wife and on her credit and she did not pay for it, the husband would be under an obligation to do so. Either the wife or the husband was liable, and not both. The charge was erroneous and pre-

judicial to the defendant, in that the jury were instructed that the defendant was liable on a contract on which his wife also was liable. The charge literally reads as follows: "If you find the plaintiff is entitled to recover, that he sold this coat to Mrs. Hutchings in good faith, expecting Mr. Hutchings to pay for it, in case she did not and it was a necessity, and he relied upon Mr. Hutchings paying for it, on his credit, and did not extend the credit exclusively to Mrs. Hutchings, no separate or express agreement between them that she was to pay for it, you would find a verdict in favor of the plaintiff."

4. The petition set out a cause of action, and, except as above indicated, no error appears.

5. The judge of the municipal court erred in overruling the defendant's motion for a new trial, and the superior court erred in not sustaining the certiorari.

6. Since the certiorari should be sustained, it is unnecessary to pass upon the assignments of error wherein there is exception to a judgment of the superior court overruling the exceptions to the answer to the writ of certiorari.

*Judgment reversed. Jenkins, P. J., concurs. Sutton, J., dissents.*

DECIDED SEPTEMBER 20, 1934.

*E. F. Goodrum,* for plaintiff in error. *Gilmore & Cork,* contra.

SUTTON, J., dissenting. The excerpt from the charge of the court referred to in the third paragraph of the syllabus in this case, that "If you find the plaintiff is entitled to recover, that he sold this coat to Mrs. Hutchings in good faith, expecting Mr. Hutchings to pay for it, in case she did not and it was a necessity, and did not extend the credit exclusively to Mrs. Hutchings, no separate or express agreement between them that she was to pay for it, you would find a verdict in favor of the plaintiff," is not, in my opinion, susceptible of the construction placed upon it by the majority of the court; and therefore I dissent from the judgment of reversal in this case.