HOLLEMAN *et al. v.* AWTRY.

No. 10559. AUGUST 7, 1935. REHEARING DENIED OCTOBER 1, 1935.

*Haas, Gambrell & Gardner,* for plaintiffs in error.

*Jones, Fuller, Russell & Clapp,* contra.

HUTCHESON, Justice. This was a suit by a grantee to reform a deed by striking therefrom a clause to the effect that he assumed certain outstanding indebtedness secured by a prior deed, he contending that this clause had been inserted by some unknown person, without his knowledge or consent, after the deed had been executed and after its acceptance by him. The plaintiff's own testimony showed, that, about four years after the acceptance of the deed which he sought to have reformed, he was notified by the

holder of a portion of the notes representing the indebtedness against the property that the holder was claiming a personal liability against the plaintiff because of such assumption clause; that after receiving this notice the plaintiff called upon the holder and obtained an indulgence for a specified period, without disputing liability upon the ground stated; and that the holder subsequently indorsed the notes to another party, the indorser and indorsee acting upon the theory that the plaintiff was personally liable under the assumption clause as impliedly admitted by him at the time of seeking and obtaining such indulgence. Before the expiration of the extension period, the plaintiff filed the present action to reform the deed, and by amendment made such indorsee a party defendant. Under these circumstances, all of which were established by the evidence without dispute, the verdict in the plaintiff's favor against such indorsee was contrary to the evidence and to law. Regardless of whether the assumption clause had been inserted in some manner after the acceptance of the deed by the plaintiff, the evidence demanded a finding that the plaintiff was estopped from reforming the deed upon this ground, as against such defendant. *Wolff* v. *Hawes,* 105 *Ga.* 153 (31 S. E. 425). The court erred in not sustaining the defendant's motion for new trial upon the general grounds. The special grounds of the motion were expressly abandoned by the plaintiffs in error in this court.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*

RUSSELL, C. J., dissenting. The evidence does not show any estoppel in this case. It does not show that the opposite party acted to his injury at the instance of the defendant.