24380.   BOSS *v.* ED & AL MATTHEWS INCORPORATED.

890

Decided September 19, 1935.   Rehearing denied October 5, 1935.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff in error.

*Don K. Johnston,* contra.

Stephens, J.   Suit in trover brought by Ed & Al Matthews Incorporated, against Mrs. H. Boss, to recover personal property which the plaintiffs claimed under a retention-of-title contract executed on April 5, 1932, by the defendant to the plaintiff's transferor, Ed & Al Matthews, a partnership.   The defendant denied liability, upon the ground that the debt·represented by the contract was, as to all the articles except a gas stove, a debt of her husband, and that for this reason the contract was void.   It appeared from the uncontradicted evidence and that most favorable to the plaintiff that a portion of the articles included in the contract were sold to the defendant's husband by the same seller under a retention-of-title contract executed by the husband on March 27, 1931; that the rest of the articles included in the contract executed by the defendant on April 5, 1932, except the gas stove,

were sold by the same seller on April 4, 1931, and April 8, 1931, and were entered on the seller's books as charged to the husband; that the husband himself made the purchases on April 8, 1931; that no retention-of-title contract other than the one of the husband of March 27, 1931, as to the articles bought on that date, which, as testified by the salesman, were sold to Mr. and Mrs. Boss, was ever executed until the retention-of-title contract covering all the articles sold, including those under the contract of March 27, 1931, and those sold on April 4, and April 8, 1931, was executed by the defendant on April 5, 1932; that when the first sale was made on March 27, 1931, her husband said "he wanted to buy a dining-room suite," and it "was the understanding had with him," (the husband) that a "contract" for the articles appearing as afterwards sold on April 4, 1931, was to be obtained; that there was at the time "an understanding had with him" (the defendant's husband) that both the accounts would be put in one account, and the defendant "was to sign a lease for it if there wasn't anything unsatisfactory;" that "the agreement with Mr. Boss was that the account was to be put in the name of Mrs. Boss;" that in the daybook of the seller the articles sold on April 4, 1931, were charged to the husband; that the reason no contract was obtained for the articles sold on April 4, 1931, was because the defendant and her husband ordered these articles over the telephone after they had looked at them in the store, and because the defendant complained about the gas stove, which was among the articles sold, and the seller did not have another stove to exchange at the time; that sometime after all the articles had been purchased and delivered the defendant refused to sign a contract which was presented to her, and stated that the gas range had never given satisfaction, and that she wanted to come in and exchange it, and would sign a contract then; that when she executed the contract of April 5, 1932, the charge account of April 8, 1932, which had originally been made in the husband's name, was changed by the addition of the letter "s" after "Mr." on the books, so that the charge account was made to read "Mrs." Boss; that on the retention-of-title contract executed on March 27, 1931, when the first purchase was made, appeared an entry as follows: "This account not paid and included in contract signed 4/5/32," and that when the contract was made for the gas range the account was changed over into the defendant's name.

Other than as stated above, it does not appear that the defendant, the wife, ever consented that any of the charges should be made in her name, or that she knew of or consented to any agreement or "understanding" between the seller and the husband that any of the charges should be made in her name. None of the articles ever came into the possession of the defendant, except so far as their presence in the house where she and her husband resided may have constituted her possession. It is uncontradicted that the defendant, after April 5, 1932, made payments on the contract sufficient to pay the balance due upon the gas stove charged to her in that contract. A verdict for the plaintiff was rendered, for the amount of the balance due on the account as represented by the retention-of-title contract of April 5, 1932, executed by the defendant. She moved for a new trial, assigning error on portions of the charge to the jury, and to the admission of testimony. The motion for new trial was overruled, and that judgment was affirmed by the appellate division of the municipal court. The defendant excepted. It appears from the uncontradicted evidence and from the evidence when taken most favorably for the plaintiff that all of the articles when they were originally purchased, except the gas stove purchased by the defendant by exchange on April 5, 1932, were originally charged to her husband, and that all the agreements and "understandings" as to how the contracts should be executed, and that they should be executed by the wife, were made with the husband. If the wife was not present on any of these occasions and was not a party to any of these agreements or understandings, there certainly was never any contract entered into by her, and the contract of April 5, 1932, by which she engaged to pay for any of these articles, was clearly an agreement to pay her husband's debt, and for this reason was void. It seems to be a fair inference from the evidence that she was present on some of the occasions when there were negotiations respecting the sales of the articles of property referred to, but it does not appear that any agreement or understanding respecting the execution of any contract for the sale of any of these articles was made expressly with her, by which she, and not the husband, was to be liable. It appears without contradiction, that, notwithstanding any agreement or understanding which may have been made with the husband at the time of the execution of these sales that

the contract should be executed in the name of the wife, all the articles sold, except the gas stove referred to in the contract of April 5, 1932, were charged to the husband, and not to the defendant. The husband is the head of the family and is liable for all necessities required for the support and maintenance of the family, although they may be bought and contracted for by the wife, unless they are sold to her on her own account under an express agreement between her and the seller by which she and not the husband, is liable therefor. In *Rushing* v. *Clancy,* 92 *Ga.* 769 (19 S. E. 711), it was held that where a wife in company with her husband, where he took no part in the negotiations, contracted for board for herself, which was a necessity which the husband was bound to furnish to her, although the charge was made to the wife and it was intended by the creditor that credit should be extended to her, but where this intention was not expressly declared or communicated to the wife, there arose no contract with the wife, but the contract was that of the husband. It therefore seems conclusive, under the uncontradicted evidence in the case now before the court, that all the articles sold, except the gas stove respecting which the wife expressly contracted, were sold to the husband and charged to him and on his account, that he was liable therefor, and that the debt was his and not his wife's. Therefore when the wife, on April 5, 1932, contracted to pay for these same articles, she made a contract to pay her husband's debt, which under the law, Code of 1933, § 53-503; (Code of 1910, § 3007) is, at her election, void.

Since there appears no evidence of any express contract or agreement by which the defendant became liable for the articles sold in March and April 1931, and since it appears from uncontradicted evidence establishing as an undisputed fact that all of these articles were sold to the husband and on his account and delivered to him, any statement which the defendant may afterwards have made, to the effect that she would execute a contract for the payment of these articles, necessarily had no probative value as tending to establish that when these articles were sold there was any express agreement or contract made with her by which she obligated herself to pay for them. Since nothing as respects the sale of these articles was at the time done in the wife's name, such statement afterward made by her had no probative value as tending to show a ratification by her of a contract to pay for these articles. Such

894

statement had no probative value as tending to establish anything other than a promise or an intention by her to execute a contract to pay her husband's debt. Since the husband is the head of the family, these articles of property which were sold to him and on his contract, and which, pursuant to this contract, were delivered to the house in which he and the wife resided, were delivered to him and not to the wife, and their possession was the possession of the husband and not the possession of the wife. Code of 1933, § 53-501; Code of 1910, § 2992; *Yarborough* v. *State*, 86 *Ga.* 396 (12 S. E. 650); *Smith* v. *Berman*, 8 *Ga. App.* 262 (2) (68 S. E. 1014); *Patterson* v. *State*, 8 *Ga. App.* 454 (69 S. E. 591). The wife, not having purchased this property and not having acquired possession thereof, is not guilty of its conversion, and is not liable therefor in an action of trover by the seller or the seller's transferee. Since she is not liable under her contract of April 5, 1932, for any of the articles contained therein, except the gas stove which was purchased by her, all payments made by her after the execution of this contract, which were not expressly appropriated by her to the husband's debt, were presumably made by her in payment of the indebtedness for which she was liable, and were not made by her as payment upon the indebtedness of her husband. The payments so made by the wife, being in excess of the balance due upon the gas stove, the stove has been paid for, and title to the same is not in the plaintiff. The evidence therefore was insufficient to support the verdict for the plaintiff, and the judge of the municipal court and the appellate division of that court erred in not granting a new trial.

The court did not err in admitting in evidence the retention-of-title contract executed by the defendant to Ed & Al Matthews, and transferred by them to the plaintiff, over the objection that it could not be transferred and negotiated, because, not being payable to bearer or order, it was not a negotiable instrument. The transfer was good as an assignment to the plaintiff of all the right, title, and interest of the transferor.

While the charge of the court to the jury that the defendant contended that all of the articles incorporated in the retention-of-title contract executed by her had been bought on open account and delivered to her husband was inaccurate as a statement of the contention, it was harmless to the defendant.

This suit being one in trover, based on an alleged conversion by the defendant of the property to which the plaintiff claimed title by virtue of the retention-of-title contract executed by the defendant on April 5, 1932, and not being a suit on the contract, the burden of proof was upon the plaintiff to show title. *Ayash* v. *Georgia Show-Case Co.*, 17 *Ga. App.* 467 (87 S. E. 689) ; *Windham* v. *Taylor*, 42 *Ga. App.* 521 (156 S. E. 744). While the plaintiff may have established title prima facie upon the introduction in evidence of the retention-of-title contract, the burden of establishing title was nevertheless upon the plaintiff. The defendant's contention and the proof in support thereof that the plaintiff had no title to any of the property, or that the defendant had not converted any of the property, amounted merely to a denial of an essential allegation of the plaintiff's case. This contention was not an affirmative defense for the establishment of which the burden of proof was upon the defendant. The court therefore erred in charging the jury that the burden of proof was upon the defendant to establish by a preponderance of the evidence that the contentions of the defendant were true.

The fact that the husband had been adjudicated a bankrupt, and had scheduled among his debts a debt by him to the plaintiff for articles referred to in the retention-of-title contract, was, in the opinion of my colleagues constituting a majority of the court, not harmful to the defendant; and therefore the admission of this fact in evidence when offered by the plaintiff was not error. In this conclusion I can not concur. I am of the opinion that the evidence was irrelevant to illustrate any issue in the case, and that its admission was harmful to the defendant as tending to show that the plaintiff could not collect out of the husband who made the contract originally and whose debt it was, and that the plaintiff would have no recourse for the collection of the debt unless a judgment was rendered against the defendant. I am of the opinion that this evidence was calculated to harm the defendant, and that the court erred in admitting it over objection. *Heinz* v. *Backus*, 34 *Ga. App.* 203 (128 S. E. 915) ; *Bibb Mfg. Co.* v. *Williams*, 36 *Ga. App.* 605 (137 S. E. 636).

Any other alleged error was harmless, and related to matters not likely to arise upon another trial. For the reasons above indicated, the judge of the municipal court erred in not sustaining the

defendant's motion for a new trial, and the appellate division of that court erred in affirming this judgment.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

### ON MOTION FOR REHEARING.

The defendant in error has moved for a rehearing upon the alleged ground that this court in holding that in this case, which is not a suit upon the retention-of-title contract but is a suit in trover wherein the retention-of-title contract is evidentiary only as tending to establish the essential elements of the case, that the burden of proof was upon the plaintiff to establish the essential elements of its case by a preponderance of the evidence, has overlooked certain decisions with reference to placing the burden, or as to the burden of proof. These cases have reference only to the burden of proof which rests upon a defendant who has, in a plea in the nature of a confession and avoidance, set up an affirmative defense, and also to the burden which rests upon a party of going on with the evidence and producing evidence in rebuttal of evidence adduced by the opposite party. In the former situation the burden of proof is upon the defendant to establish his affirmative defense by a preponderance of the evidence. In the latter situation the defendant or party carrying the burden has the burden only of adducing evidence in rebuttal or in contradiction of that of the opposite party which when standing alone constitutes prima facie proof, which burden is not to be carried by a preponderance of the evidence. *Hyer* v. *Holmes,* 12 *Ga. App.* 837 (79 S. E. 58) ; *Standard Paint & Lead Works* v. *Powell,* 27 *Ga. App.* 691 (2) (109 S. E. 513) ; *Masonic Relief Asso.* v. *Hicks,* 47 *Ga. App.* 499, 500 (171 S. E. 215), and cit.

The defendant in this case filed no written plea, but simply entered an appearance as required by the rules of the municipal court in cases of the character of this case. This amounted to a plea of general denial. It certainly was not a plea in the nature of one in confession and avoidance. Her plea therefore being one merely generally denying the allegations of the plaintiff, any burden which may have rested upon her, if any, was the burden only of going on with the evidence. This burden she was not required to carry by a preponderance of the evidence. The burden of proof which rested upon the plaintiff in the beginning to establish the essential allegations of the petition by a preponderance of the evidence was not

removed by the defendant's plea which was a mere denial of the allegations of the plaintiff's petition. At the close of the testimony the burden of proof which rested upon the plaintiff to establish the allegations of the petition by a preponderance of the evidence still rested upon the plaintiff. This court therefore is satisfied that its ruling to this effect was correct. In *Hopkins* v. *King*, 32 *Ga. App.* 698 (124 S. E. 367), in which the opinion was prepared by the writer, where it was held that "there was no error in casting the burden of proof upon the defendant, who in her plea had admitted the execution of the note and set up the defense of suretyship for the debt of her husband," the defendant had set up a substantive defense in the nature of a plea in confession and avoidance, and necessarily carried the burden of proof which required her to establish this defense by a preponderance of the evidence. That case is clearly distinguishable from the case now before the court.

It is also insisted that this court has overlooked testimony in the record which the movant claims establishes as a fact that when the defendant, wife, executed the contract of April 5, 1932, which the plaintiff relies upon as establishing his title, the articles included therein and which had been included in the retention-of-title contract which the husband had executed March 27, 1931, had been paid for. If this court has overlooked any such evidence no harm was done the defendant in error. If any of the goods included in the wife's contract and which had originally been sold to the husband under the retention-of-title contract made with him had been paid for, the title thereto certainly was not in the plaintiff, and it is conclusive that such property has not been converted. The conclusion which this court has arrived at in the decision rendered that the evidence is insufficient to establish title to the property in the plaintiff is correct. In *Wolff* v. *Hawes*, 105 *Ga.* 153 (31 S. E. 425), where goods had been sold as a result of dealings with a husband and wife, and the seller was in doubt as to which one had contracted therefor and was liable, and when the husband was in failing circumstances the wife told the seller that he need not be uneasy about the account that it was hers and she would pay it, that she bought the goods herself, and the seller acting upon these representations took no steps to seize the goods or to enforce his claim against the husband, the wife was afterwards, in a suit against her to recover the purchase price of the goods, estopped from denying

that the contract was hers. No such situation is presented in the case now before the court. The plaintiff neither sold the goods not refrained from efforts to collect out of the husband upon the strength of any representations made by the wife. The plaintiff clearly and unequivocally, as was not the case in *Wolff* v. *Hawes,* supra, originally contracted with the husband, and afterwards took a contract from the wife to pay for the same property. The only evidence which could possibly indicate any conduct on the part of the wife which would estop her from denying that the debt was hers, and from asserting that it was a debt of her husband, is the promise by her, made sometime after the goods had been sold and delivered under the contract which was undoubtedly a contract with the husband, that she would execute in her own name a contract to pay for the goods which had been sold to the husband. Nothing she said could have justified the seller to refrain from enforcing the seller's contract against the husband, and she is not estopped from defending the suit on the ground that the contract which she executed was in payment of a debt of her husband.

The motion for rehearing is overruled.