25132. ALEXANDER *v.* DUFFEE-FREEMAN
FURNITURE CO.

DECIDED DECEMBER 9, 1935.

*J. Ira Harrelson,* for plaintiff in error.

*M. M. Anderson,* contra.

JENKINS, P. J. 1. In the purchase by a wife of necessaries, suitable to her condition and habits of life, the consent of the husband to her agency is presumed; and the presumption against the husband can be rebutted only by clear and unequivocal evidence that the articles furnished were not necessaries, or that the seller had actual or constructive notice of an allowance to the wife by the husband, either permanent or temporary, sufficient to procure necessaries without obtaining them upon her husband's credit. *Manley* v. *Chamberlain-Johnson-DuBose Co.,* 41 *Ga. App.* 31, 32 (151 S. E. 676); *Adler* v. *Morrison,* 15 *Ga. App.* 139 (82 S. E. 783); *Robinson* v. *McCommons, Thompson, Boswell Co.,* 24 *Ga. App.* 106 (2) (100 S. E. 43); Code of 1933, § 53-510.

2. Notwithstanding the preceding rule as to the agency of the wife, and the presumption of consent by the husband to her purchase of necessaries and his liability therefor, the husband will not be liable if it affirmatively appears that the tradesman extended credit to the wife in her individual capacity, and that she and the tradesman so contracted. *Manley* v. *Chamberlain-Johnson-DuBose Co.,* supra; *Bell* v. *Rossignol,* 143 *Ga.* 150 (84 S. E. 542, L. R. A. 1915D, 1184, Ann. Cas. 1917C, 576); *Rushing* v. *Clancy,* 92 *Ga.* 769 (19 S. E. 711); *Goodson* v. *Powell,* 9 *Ga. App.* 497 (71 S. E. 765); *Morrison* v. *Evans,* 31 *Ga. App.* 256 (120 S. E. 430).

3. A promise to answer for the debt, default, or miscarriage of another, must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, in order to be binding on the promisor. Code, § 20-401. While a defense under the statute of frauds, being in the nature of a personal privilege, must be raised in the trial court, or the right to

raise it will be deemed to have been waived (*Tift* v. *Wight Co.*, 113 *Ga.* 681, 685, 39 S. E. 503; *Miller* v. *Smith*, 6 *Ga. App.* 447, 65 S. E. 292), there is another rule that "a promise to pay the pre-existing debt of another, without any detriment or inconvenience to the creditor, or any benefit secured to the debtor in consequence of the undertaking is a mere nudum pactum." *Davis* v. *Tift*, 70 *Ga.* 53 (2); *Johnson* v. *Rycroft*, 4 *Ga. App.* 547 (61 S. E. 1052). Thus, "when one person has sold and delivered goods to another, and the detriments and benefits which constituted the consideration of the contract between them have been suffered and received, and the transaction has thus become fixed as to the reciprocal liabilities, a contract by a third person, not originally bound, to pay the debt thus already pre-existing and incurred by the purchaser, is nudum pactum, unless supported by some new consideration." If the first debtor remains bound on his original undertaking, and there is no agreement for the substitution of the new alleged debtor in his place, the latter is not liable. *Saul* v. *Southern Seating &c. Co.*, 6 *Ga. App.* 843, 847, 848 (65 S. E. 1065), and cit.; *Few* v. *Hilsman*, 18 *Ga. App.* 207 (89 S. E. 79). See also *Harris* v. *Berry*, 49 *Ga. App.* 235 (174 S. E. 813).

4. In the instant suit in the municipal court of Atlanta, by a merchant against a husband, for a balance on an original account of $556.50 for a bedroom suite, rug, carpet, mirror, and chair, the judge found in favor of the plaintiff, and the appellate division affirmed the judgment. The evidence demanded findings that the defendant, who was then the husband of the purchaser, did not authorize or consent to the purchase of the articles; that the plaintiff extended the credit to and contracted only with the wife, so entered the account on its books, and rendered the bills to her; and that she herself had reduced the indebtedness by a credit of several hundred dollars. The only remaining basis for liability of the husband rests on the testimony for the plaintiff, that "about a year after the purchases had been made and the account had been reduced by" the wife, the witness, an officer of the plaintiff, "understood" the husband "to say to him in a telephone conversation that he would pay the account." The defendant denied making such a promise. There was no exception to the admission of this testimony; and the defense of the statute of frauds does not

appear to have been raised by the defendant. The suit, however, was not based on the alleged subsequent promise by the husband to pay the debt of the wife, but only on an alleged open account for goods originally contracted for and charged to the husband. Irrespective of any question arising under the statute of frauds, and whether such a defense to the pleading of the plaintiff should have been raised in the trial court; and irrespective of any question as to whether the telephone promise was sufficiently definite as to amount or the time of payment to constitute in that respect a valid contract, all of the evidence failed to show that the plaintiff creditor, on the consideration of the husband's alleged new promise, sustained any detriment by agreeing to release the wife and substitute the husband's obligation for hers, or that any benefit from the promise, or any other consideration, accrued to the husband, who testified, without dispute, that prior to the time of the alleged promise his wife had obtained a divorce from him and had taken the furniture, and that he had never enjoyed any part of its use. The new promise, as testified to, being a mere nudum pactum, a finding for the defendant was demanded, and it was error to enter and to affirm the judgment in favor of the plaintiff.

*Judgment reversed. Stephens and Sutton, JJ., concur.*