25732. MATHER-GROOVER COMPANY *v.* ROBERTS *et al.*

DECIDED OCTOBER 19, 1936.

*Boykin & Boykin,* for plaintiff.

*Samuel J. Boykin,* for defendants.

SUTTON, J. 1. "The husband shall be bound to support and maintain his wife, and his consent shall be presumed to her agency in all purchases of necessaries suitable to her condition and habits of life, made for the use of herself and the family. This presumption may be rebutted by proof." Code, § 53-510. So where necessaries, such as household and kitchen furniture, are furnished directly to the wife, in the absence of any express agreement whereby she will be personally liable for the same, the presumption is that the wife purchased them in the right of her general agency of her husband, and that he, and not she, is liable to the creditor therefor. And this is true even though the creditor may have himself intended to credit the wife therewith and not the husband, unless it be that such intention was expressly declared or communicated to the wife. *Georgia Grocery Co.* v. *Brunson,* 24 *Ga. App.* 484 (101 S. E. 130); *Brazell* v. *Hearn,* 33 *Ga. App.* 490 (127 S. E. 479). The fact that the wife got the benefit of the goods purchased would not render her liable therefor. *Hightower* v. *Walker,* 97 *Ga.* 748 (25 S. E. 386). The contention in this case is that the goods were contracted for by the husband and the wife jointly, but it does not appear and is not shown that there was any agreement or contract between the parties that the wife was to be in any way liable for the merchandise purchased.

2. The rule is, that, in order to hold the wife individually liable for necessaries purchased by her for the use of herself and family, it must be shown that it was the intention and agreement of the parties to the contract of sale that she was to be so bound. Otherwise it will be presumed that the merchandise was purchased on the credit of the husband, and that he, and not the wife, was to be liable therefor. *Rushing* v. *Clancy,* 92 *Ga.* 769 (19 S. E. 711); *Manley* v. *Chamberlin-Johnson-DuBose Co.,* 41 *Ga. App.* 31 (151 S. E. 676); *Arnold* v. *Brown,* 42 *Ga. App.* 228 (155 S. E. 532);

*Rich* v. *Belcher,* 43 *Ga. App.* 377 (158 S. E. 643); *Greene* v. *Ballard,* 45 *Ga. App.* 509 (165 S. E. 309).

3. Therefore, where, on the trial of an action on account by a furniture company against a husband and a wife, alleging that they had jointly contracted to pay for certain furniture, the wife having denied liability and the husband having admitted his sole liability and denied that his wife was liable, it appears that the wife was present with the husband when the furniture was purchased, there being no express agreement that she was to be jointly liable therefor, but that the salesman of the plaintiff, when he made the sale of the furniture, caused the husband alone to execute a contract, obligating himself to pay for the furniture on the instalment or partial-payment plan, and by which contract the title to the furniture sold would remain in the plaintiff company until the purchase-price was fully paid, a verdict in favor of the wife was demanded, and the judge did not err in directing the verdict for the plaintiff against the husband alone, and in favor of the wife. The fact that the wife, after the original purchase when the contract was executed, went back to the plaintiff's store and procured other articles of furniture, and the fact that the payments made on the account were made by the wife in person, it not appearing but that they were made by her for her husband, does not tend to show that the creditor and the wife entered into an express contract by which the wife alone, or by which she jointly with her husband, was to be liable for the furniture purchased from plaintiff. The fact that the furniture in the home of the husband and wife was insured by the wife in her name as her furniture, and was destroyed by fire, the wife making claim for the loss, does not tend to show that there was any express contract between the parties, at the time the furniture was purchased, whereby the wife was to be jointly liable with the husband therefor.

4. The foregoing rulings are controlling on the merits of this case; but it may also be added that parol evidence was not admissible to show that the wife was liable on the written contract signed by the husband alone, or to show that the husband signed the contract for his wife, the contract in this case being executed under seal. *Burkhalter* v. *Perry,* 127 *Ga.* 438, 442 (56 S. E. 631, 119 Am. St. R. 343); *Coaling Coal &c. Co.* v. *Howard,* 130 *Ga.* 807 (2) (61 S. E. 987, 21 L. R. A. (N. S.) 1051). The judge did

not err in excluding, on motion of the defendant, testimony of the salesman of the plaintiff that the husband and the wife jointly purchased the furniture and that the same was sold to them jointly. The written contract, made when the furniture was purchased and which the plaintiff apparently required the husband alone to sign, obligating him to pay for the furniture, provided that any and all previous contracts relative to the furniture described therein were annuled thereby. Moreover, the witness did not testify, or offer to do so, that the wife contracted or agreed to be liable in any way for the merchandise.

5. The judge did not err in directing the verdict in favor of the defendant wife and against the plaintiff, but in favor of the plaintiff and against the defendant husband, for the full amount of indebtedness sued for, with interest.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*