27226.   CORKER *v.* QUICK.

DECIDED MARCH 15, 1939.

*E. M. Price,* for plaintiff.   *Bussey & Fulcher,* for defendant.

STEPHENS, P. J.   Minnie Corker instituted a suit in trover, in the city court of Waynesboro, against B. B. Quick, to recover for the conversion of a Chevrolet automobile. The plaintiff testified that she bought the automobile from Henry Darling Inc. for $200; that her husband, Fess Corker, went with her when she bought the automobile, and that the seller suggested that the sale "be made out in his [her husband's] name;" that she bought the automobile "in the name of" her husband, and that at the time she delivered to the seller the old automobile which belonged to her, and paid $50 of her own money as part payment on the purchase-price of the new automobile; that her husband had no interest in the old automobile or in the $50, and that the seller delivered the new automobile to her and did not deliver it to her husband; that the automobile which she bought remained in her possession until the defendant took it from her; that payments which were made on the purchase-price were made out of her own money except the balance of $39 now due; that her husband had no title or interest in the automobile and had never had any and that "they all understood" that the automobile belonged to her; that she bought the automobile for $200, had made repairs on it, and that it was worth at least $150.

Fess Corker, the plaintiff's husband, testified that the plaintiff

bought the automobile in his name, she agreed to pay for it, and had paid $161 on it; that he did not pay anything on it, that it was delivered to her when she bought it, and was in her possession when the defendant took possession of it; that the automobile belonged to the plaintiff; that it was understood by everybody that it belonged to her because she was paying for it; that it was always in her possession and was never in his possession. It appears from the documentary evidence introduced that the invoice which was made at the time of the sale of the automobile shows that it was sold to Fess Corker. It appears from the evidence that at the time the two notes were executed, but it does not appear by whom. There also appears in evidence a written receipt showing receipt by Henry Darling Inc., of $50 from Minnie Corker. It appears from the evidence that when the defendant took possession of the automobile he did so without the consent of the plaintiff and her husband and over their protest, and that the defendant stated at the time that Fess Corker had executed some paper to Mrs. Rachel Fulcher for advances. It appears that Fess Corker was a tenant of Mrs. Fulcher.

The judge, in passing on the law and the facts without a jury, found for the plaintiff in the sum of $150. The defendant moved for a new trial on the general grounds and on one special ground. The special ground was that the court erred in trying the case in the absence of the defendant and his counsel, which absence was due to an alleged misunderstanding between counsel for the defendant and counsel for the plaintiff. The court sustained the defendant's motion for new trial and granted a new trial. To this judgment the plaintiff excepted.

This appears to be, and is conceded by counsel to be, the first grant of a new trial. It is well settled that where the verdict as rendered was not demanded as a matter of law a judgment granting a first new trial will be affirmed. We are of the opinion that it does not appear conclusively and as a matter of law that the plaintiff, Minnie Corker, was the owner of the automobile and had such right, title, and interest therein as would authorize her to maintain an action in trover for its conversion. While she and her husband testified that she bought the automobile, paid for it with her own money, and acquired possession of it, and while there is no testimony in direct contradiction of these statements, the facts and

circumstances surrounding the purchase of the automobile appeared in evidence. It appears that the title to the automobile was not in the plaintiff, Minnie Corker, but was in Henry Darling Inc., who held title under a retention-of-title contract of sale. Presumably, it not appearing otherwise, the plaintiff and her husband were living together. In fact it is inferable from the evidence that they were living together. The possession of the automobile was inferentially in the husband, Fess Corker. See *Boss* v. *Ed & Al Matthews*, 51 *Ga. App.* 889 (181 S. E. 688) ; *Shaner Motor Co.* v. *Williams*, 36 *Ga. App.* 766 (138 S. E. 274) ; *Smith* v. *Berman*, 8 *Ga. App.* 262 (68 S. E. 1014). The contract was made in the name of Fess Corker, as purchaser, notwithstanding the fact that his wife paid all of the purchase-money that has been paid. There is still an outstanding payment due and unpaid.

It does not therefore appear conclusively and as a matter of law that the plaintiff had such right, title, and interest in the automobile as would authorize a recovery in a suit in trover. The verdict found for the plaintiff not being demanded as a matter of law, the judgment of the court granting a first new trial to the defendant will not be disturbed.

*Judgment affirmed. Sutton, J., concurs. Felton, J., concurs specially.*