## 45053. J. BAIN, INC. v. POULOS.

PANNELL, Judge. J. Bain, Inc., brought an action on account against A. G. Poulos and his wife, seeking to recover a balance due on an account for furniture and furnishings in the amount of $3,533.99. The case was tried before the trial judge without a jury and the evidence substantially disclosed the following: the two defendants were married and lived together as husband and wife during a period of approximately four months, during which time the account sued upon was incurred; Mrs. Poulos signed certain sales orders, or verified orders over the telephone, for furniture and furnishings to go into the Poulos home which had been bought by Mr. Poulos in the name of himself and his wife for $23,000 on which he made a down payment of approximately $6,000 to $7,000; Mr. Poulos' income was approximately $9,500 a year; his wife had no separate estate or source of income, Mr. Poulos maintained a joint account for himself and his wife and when she made the purchases totaling $4,948.99, she made a down payment of $1,415 by check drawn on this account, the ledger sheet or account card showing debits and credit for the down payments showed the account in the name of the husband, the items on the account were purchased in July and October of 1968 with payment due in 30 days; some of the furniture and merchandise has never been delivered; Mr. Poulos testified that there was already furniture in the house; that he and his wife discussed buying furniture,

but that he did not authorize her to purchase any custom-made furniture and that he was at home on one occasion and refused to accept a sofa; the sales lady who took the sales orders from Mrs. Poulos testified that no one at any time had contacted Mr. Poulos, that she was in the home on one occasion and that at that time there was no living room furniture whatsoever and a minimum of bedroom furniture. The trial judge found in favor of the defendant husband and gave judgment against the defendant wife. The furniture company appealed. The wife filed a separate appeal which was dismissed for lack of prosecution. *Held:*

"The husband shall be bound to support and maintain his wife, and his consent shall be presumed to her agency in all purchases of necessaries suitable to her condition and habits of life, made for the use of herself and the family. This presumption may be rebutted by proof." *Code* § 53-510. While it has been consistently held that "where necessaries, such as household and kitchen furniture, are furnished directly to the wife, in the absence of any express agreement whereby she will be personally liable for the same, the presumption is that the wife purchased them in the right of her general agency of her husband, and that he, and not she, is liable to the creditor therefor. . ." (*Mather-Groover Co. v. Roberts*, 54 Ga. App. 398 (187 SE 913)), yet where the husband introduces sufficient evidence to authorize a finding that the furniture and furnishings, though necessaries, were not suitable to their condition and habits of life, such finding of the trior of the facts will not be disturbed.

The evidence here authorized the trial judge to find that the wife purchased custom-made furniture and furnishings, at a price of almost $5,000, to be placed in a home which was already furnished to some extent, most of which was purchased in one month and was payable approximately 30 days thereafter, when the husband was earning only $9,000 per year. These facts, in our opinion, were sufficient to authorize such finding.

*Judgment affirmed. Jordan, P. J., concurs. Eberhardt, J., concurs specially.*

Submitted January 9, 1970—Decided April 6, 1970.

*Gerstein & Carter, Hugh R. Powell, Jr.,* for appellant.